UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
YVROSE JEAN-BAPTISTE,                                    Civil Action No.: CV 07 3535

                           Plaintiff,

                                                                                    **COMPLAINT**

                        -against-

NYC DEPARTMENT OF EDUCATION,                             JURY TRIAL DEMANDED
P.S. 26,
DINA KOSKI, Officially and Individually,
DEBRA GERSHMAN, Officially and Individually
UNITED FEDERATION OF TEACHERS, Local 2

                         Defendants.
-----------------------------------------------------X

Plaintiff by her attorney, **DAVID C. WIMS**, complaining of Defendants, alleges:

**JURISDICTION AND VENUE**

(1) This action is brought to remedy discrimination on the basis of race, color and/or national origin in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII and similar laws all in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended ("1981"); the New York State Human Rights Law ("NYSHRL") and the NYC Human Rights Law ("NYCHRL").

(2) Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (f) and (g), 1981, the NYSHRL and the NYCHRL.

(3) Plaintiff Yvrose Jean-Baptiste ("Jean-Baptiste" or "Plaintiff"), a black female of Haitian descent and a resident of the State of New York, dual filed a charge of discrimination against Defendants with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") on or about June 2005, complaining of the acts of race, color and national origin discrimination alleged herein.

(4) On June 7, 2007, more than 180 days having elapsed since the filing of her charge, the EEOC issued plaintiff a notice informing her of her right to sue Defendants in federal court. (Attached as Exhibit "A")

1

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. Supplemental jurisdiction of the claims under NYSHRL and NYCHRL is invoked pursuant to 28 U.S.C. § 1367.

(6) As the unlawful employment practices complained of herein occurred within the Eastern District of New York, venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(a).

## PARTIES

(7) Plaintiff has been and is employed by the New York City Department of Education ("DOE") for over seventeen (17) years as a school teacher at various schools in varying capacities and currently at P.S. 26 in Fresh Meadows, NY.

(8) Defendant DOE, upon information and belief, is a public entity duly organized and existing under the laws of the State of New York. Defendant P.S. 26 is a public school of DOE and Defendants Dina Koski and Debra Gershman, at all times herein relevant, are and were the Principal and Assistant Principal, respectively, of P.S. 26. Defendants Koski and Gershman are sued in both their official and individual capacities. Defendant United Federation of Teachers ("UNION") is the labor organization acting as exclusive representative of Plaintiff and other similarly-situated employees of DOE, of which Plaintiff was and is a member.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9) Plaintiff was hired by DOE as an Early Childhood Teacher in 1990. Pursuant to an integration policy of DOE, and as a result of a racial imbalance in the staff of Defendant P.S. 26, on or about May 2003, she was transferred to Defendant P.S. 26 in part to provide racial balance to the school's staff. Throughout her employment, Plaintiff distinguished herself professionally.

(10) Just prior to Jean-Baptiste's arrival, Defendant Koski called her to persuade her not to accept the transfer. Shortly after Jean-Baptiste transferred to P.S. 26, Defendants Koski and Gershman (collectively, "supervisors") subjected her to race, color and/or national origin disparate treatment and harassment, including refusing to assign her appropriately, frequent unannounced observations, inspecting her students' assignments and character assassination, *inter alia*. Similarly situated comparators were not treated this way by Defendants.

(11) Jean-Baptiste made numerous complaints about her supervisors' harassment to Defendants Koski and Gershman, to DOE's Office of Equal Opportunity and to Defendant UNION, to no avail. She also asked the UNION to file a 'special complaint,' which it refused to do.

(12) Plaintiff, however, continued to suffer the effects of having complained about the harassment. Despite the fact that she was highly qualified for the position, she was subjected to intense scrutiny by her supervisors.

(13) Plaintiff also filed grievances about her supervisors' conduct that were heard in the first instance by Defendant Koski.

(14) On or about November 2005, Plaintiff took leave from work due to conditions caused or exacerbated by the harassment. She was subsequently deemed unable to return by her medical providers and took health sabbatical in January 2006.

(15) Because of the continuing, severe and pervasive pattern of discrimination and retaliation, Jean-Baptiste continues to suffer adverse health effects, *inter alia*.

## FIRST CAUSE OF ACTION

(16) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint with the same force and effect as if set forth herein.

(17) Defendants DOE, Koski and Gershman have discriminated against plaintiff in the terms and conditions of her employment on the basis of her race, color and/or national origin in violation of Title VII, the NYSHRL and the NYCHRL.

(18) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

(19) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth herein.

(20) Defendants DOE, Koski and Gershman have retaliated against Plaintiff on the basis of her having complained of discrimination, in violation of Title VII, 1981, the NYSHRL and the NYCHRL.

(21) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

(22) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as if set forth herein.

(23) The above acts and practices of Defendants DOE, Koski, Gershman and UNION constitute unlawful discriminatory practices within the meaning of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

(24) As a result of Defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## **FOURTH CAUSE OF ACTION**

(25) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

(26) Defendants DOE, Koski and Gershman violated Plaintiff's due process rights as embodied in the Constitution of the United States, Amendment XIV, as made applicable to them by 42 U.S.C. § 1983; and in the Constitution of the State of New York.

(27) As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## **FIFTH CAUSE OF ACTION**

(28) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth herein.

(29) Defendants DOE, Koski and Gershman violated Plaintiff's equal protection rights as embodied in the Constitution of the United States, Amendment XIV, as made applicable to them by 42 U.S.C. § 1983; and in the Constitution of the State of New York.

(30) As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII, 1981, the NYSHRL and the NYCHRL;

(b) Enjoining and permanently restraining these violations;

(c) Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment;

(d) Awarding plaintiff compensatory and punitive damages;

(e) Awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

(f) Granting such other and further relief as this Court deems necessary and proper.


## DEMAND FOR A TRIAL BY JURY

Pursuant to **Rule 38(b) of the Federal Rules of Civil Procedure**, plaintiff demands a trial by jury in this action.


Dated: Brooklyn, New York

August 22, 2007

*[signature]*

DAVID C. WIMS, ESQ. (DW-6964)
Attorney for Plaintiff
229 East 95th St., # 1R
Brooklyn, NY 11212
(917) 971-7339

5

# EXHIBIT A

# EXHIBIT A

EEOC Form 161 (3/98)     U.S. **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Yvrose J. Baptiste<br>198-20 Epsom Course<br>Hollis, NY 11423 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2005-03585 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____      6/7/07
Spencer H. Lewis, Jr.,     *(Date Mailed)*
Director

Enclosures(s)

cc:    **CITY OF NEW YORK, DEPT OF EDUCATION**
      **52 Chambers Street, Room 308**
      **New York, NY 10007**
      **Attn: Susan W. Holtzman, Esq.**

      Valerie A. Hawkins, Esq.
      175 Fulton Ave. Suite 306
      Hempstead, NY. 11550