UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YVROSE JEAN-BAPTISTE,

                    Plaintiff,

-against-

NYC DEPARTMENT OF EDUCATION,
DINA KOSKI, Officially and Individually,
DEBRA GERSHMAN, Officially and Individually

                    Defendants.
------------------------------------------------------X

Civil Action No.: 07CV3535 (FB)(CLP)(ECF)

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

**PLEASE TAKE NOTICE** that Plaintiff by her attorney, **DAVID C. WIMS**, amends her complaint by Court order and stipulation of the parties, and alleges as follows:

**JURISDICTION AND VENUE**

(1) This action is brought to remedy discrimination on the basis of race, color and/or national origin in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII and similar laws all in violation of, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended ("1981"); the New York State Human Rights Law ("NYSHRL") and the NYC Human Rights Law ("NYCHRL").

(2) Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (f) and (g), 1981, the NYSHRL and the NYCHRL.

(3) Plaintiff Yvrose Jean-Baptiste ("Jean-Baptiste" or "Plaintiff"), dual filed a charge of discrimination against Defendants DOE, Koski and Gershman, with the New York State

Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") on or about June 2005, complaining of the acts of race, color and national origin discrimination alleged herein.

(4) On June 7, 2007, more than 180 days having elapsed since the filing of her charge, the EEOC issued plaintiff a notice informing her of her right to sue Defendants in federal court. (Attached as Exhibit "A")

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. Supplemental jurisdiction of the claims under the NYSHRL and NYCHRL is invoked pursuant to 28 U.S.C. § 1367.

(6) As the unlawful employment practices complained of herein occurred within the Eastern District of New York, venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(a).

**PARTIES**

(7) Plaintiff, a black, female of Haitian descent and a resident of the State of New York, has been and is employed by the New York City Department of Education ("DOE") for over seventeen (17) years as a school teacher. She has worked at various schools in varying capacities and currently at P.S. 26 in Fresh Meadows, NY.

(8) Defendant DOE, upon information and belief, is a public entity duly organized and existing under the laws of the State of New York. Defendants Dina Koski and Debra Gershman, at all times herein relevant, are and were the Principal and Assistant Principal, respectively, of P.S. 26. Defendants Koski and Gershman are sued in both their official

and individual capacities.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

(9) Plaintiff was hired by DOE as an Early Childhood Teacher in 1990, and at all times herein relevant possessed permanent certification thereof. Pursuant to an integration policy of DOE, and as a result of a racial imbalance in the staff of Defendant P.S. 26, on or about May 2003, she was transferred to Defendant P.S. 26 in part to provide racial balance to the school's staff. Throughout her employment with DOE, Plaintiff distinguished herself professionally, and in fact was never disciplined nor reprimanded for anything of substance prior to her tenure at P.S. 26.

(10) Just prior to Jean-Baptiste's arrival, Defendant Koski called her to persuade her not to accept the transfer. Shortly after Jean-Baptiste transferred to P.S. 26, Defendants Koski and Gershman (collectively, "supervisors") subjected her to race, color and/or national origin disparate treatment and harassment, including refusing to assign her appropriately, frequent unannounced observations, inspecting her students' assignments and character assassination, *inter alia*. Similarly situated, white comparators were not treated this way by Defendants.

(11) Specifically, after the commencement of Plaintiff's tenure at P.S. 26, Defendants supervisors placed a white teacher with less seniority and no relevant certification in an available Early Childhood Education classroom assignment rather than Plaintiff; assigned Plaintiff to perform as a substitute teacher notwithstanding her greater credentials, licensure and experience than a similarly situated white comparator who was assigned an Early Childhood Education classroom; assigned Plaintiff as a "paraprofessional" to assist

a white teacher with less seniority and no relevant certification; and assigned Plaintiff manual and clerical duties not assigned to similarly situated white comparators

(12) This was done notwithstanding departmental and other relevant guidelines on assignment and seniority.

(13) Supervisors also summonsed Plaintiff to their office over thirty (30) times in attempts to impose discipline for trivial matters, ordered her to submit to numerous, unnecessary medical and psychological evaluations, and made defamatory statements about Plaintiff on numerous occasions to P.S. 26 students, parents and staff, *inter alia*. Similarly situated, white comparators were not treated this way by Defendants.

(14) Jean-Baptiste made numerous complaints about her supervisors' harassment to Defendants Koski and Gershman and to DOE's Office of Equal Opportunity, to no avail. She also filed numerous complaints with her labor organization, seeking to cease the supervisors' behavior.

(15) Plaintiff, however, then began to suffer the effects of having complained about the harassment. Despite the fact that she was highly qualified for the position, she was subjected to intense scrutiny by her supervisors. This included frequent unannounced classroom "visits" and "evaluations", and retaliatory written evaluations, *inter alia*.

(16) Plaintiff's grievances about her supervisors' conduct were often heard in the first instance by Defendant Koski.

(17) On or about November 2005, Plaintiff took leave from work due to conditions caused or exacerbated by the harassment. She was subsequently deemed unable to return by her medical providers and took health sabbatical in January 2006.

She has since returned and the complained of behavior currently persists.

(18) Because of the continuing, severe and pervasive pattern of discrimination and retaliation, Jean-Baptiste continues to suffer adverse health effects, emotional distress and lack of satisfaction and enjoyment of her career, *inter alia*.

**FIRST CAUSE OF ACTION**

(19) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth herein.

(20) Defendants DOE, Koski and Gershman have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race, color and/or national origin in violation of Title VII, the NYSHRL and the NYCHRL.

(21) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

**SECOND CAUSE OF ACTION**

(22) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as if set forth herein.

(23) Defendants DOE, Koski and Gershman have retaliated against Plaintiff on the basis of her having complained of discrimination, in violation of Title VII, 1981, the NYSHRL and the NYCHRL.

(24) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

**THIRD CAUSE OF ACTION**

(25) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

(26) The above acts and practices of Defendants DOE, Koski and Gershman constitute unlawful discriminatory practices within the meaning of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

(27) As a result of Defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages in the form of mental anguish and humiliation unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION**

(28) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth herein.

(29) Defendants DOE, Koski and Gershman violated Plaintiff's due process rights as embodied in the Constitution of the United States, Amendment XIV, as made applicable to them by 42 U.S.C. § 1983; and in the Constitution of the State of New York.

(30) As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages in the form of mental anguish and humiliation unless and until this Court grants relief.

**FIFTH CAUSE OF ACTION**

(31) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

(32) Defendants DOE, Koski and Gershman violated Plaintiff's equal protection rights as embodied in the Constitution of the United States, Amendment XIV, as made applicable to them by 42 U.S.C. § 1983; and in the Constitution of the State of New York.

(33) As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages in the form of mental anguish and humiliation unless and until this Court grants relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII, 1981, the NYSHRL and the NYCHRL;

(b) Enjoining and permanently restraining these violations;

(c) Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment;

(d) Awarding Plaintiff compensatory and punitive damages;

(e) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

(f) Granting such other and further relief as this Court deems necessary and proper.

**DEMAND FOR A TRIAL BY JURY**

**Pursuant to <u>Rule 38(b) of the Federal Rules of Civil Procedure</u>, Plaintiff demands a trial by jury in this action.**

Dated: Brooklyn, New York

January 24, 2008

_____

LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
Attorney for Plaintiff
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
(646) 393-9550
