**Exhibit V**

11:28 2005 16:40 FROM:                          TO:                          P.2/3



**THE NEW YORK CITY DEPARTMENT OF EDUCATION**
**REGION 3 – LEARNING SUPPORT CENTER**
**JUDITH CHIN, REGIONAL SUPERINTENDENT**
30 - 48 LINDEN PLACE;  FLUSHING, NEW YORK 11354

# STEP II CONFERENCE CONCERNING THE GRIEVANCE OF YVROSE JEAN-BAPTISTE, A TEACHER AT PS 26Q

**Date:**          January 12, 2005

**Time:**          3:15 PM

**Place:**         Region 3 Operations Center
                   30-48 Linden Place, Flushing, New York 11354

**Present:**       Stanley Weber                Superintendent's Representative
                   Dina Koski                   Principal PS 26
                   Debra Gershman               Assistant Principal PS 26
                   Danny Feldman                UFT District Representative
                   Yvrose Jean-Baptiste         Grievant

**Issue:**         The Grievant alleges a violation of the agreement between the New York City
                   Department of Education and the United Federation of Teachers (UFT) in that
                   Grievant had letters placed in her file that were unfair and inaccurate.  As a
                   remedy Grievant seeks removal of the letters dated November 3, 2004 and
                   November 15, 2004.

**Articles Allegedly Violated:**      21A5, 21A 2, 3, 4 and 8J

**Relevant Considerations:**

1.       The following arguments were presented by the Grievant and her UFT Representative:

   1.1     The letters presented by the Principal and Assistant Principal were unfair and
           inaccurate.
   1.2     Both letters lack specificity and are vague.
   1.3     The informal observations performed by the Principal and Assistant Principal violated
           appropriate observation process.
   1.4     The conclusion given in the letters for file was not a valid conclusion.
   1.5     A reference to a counseling memo is unfair because it cannot be used in a letter for
           discipline
   1.6     The Assistant Principal should have not evaluated Grievant because she is not her
           grade supervisor and there had been no previous ongoing educational dialogue.
   1.7     The letter of November 15, 2004 is inappropriate because it does not contain the
           appropriate elements of writing a letter for file.
   1.8     There is no indication of the time spent in the room by the Assistant Principal.
   1.9     Grievant believes the approach used by Administration is in direct violation of Article 8J
           which sets on the standards for observations.

YJB 00114

I. 20 2005 16:49 FROM:                                    TO:                      P. 3/3

Yvrose Jean-Baptiste
Page – 2 –
January 12, 2005

   2.0    Grievant believes that her classroom program card reflected exactly what she was to
         be doing when administration entered her room.

2.    The following arguments were presented by the Administration:

   2.1    The letters of November 3, 2004 and November 15, 2004 were fair and accurate.
   2.2    The letters in question were based upon their best supervisory judgment.
   2.3    The Assistant Principal, while she is not specifically assigned to supervise Grievant, is
         a licensed supervisor and has visited Grievant's room on many occasions.
   2.4    In fact, the Principal has requested the Assistant Principal to follow up in all classroom
         new math initiatives and their implementation.
   2.5    Assistant Principal has enhanced expertise in literacy and math and not to have
         reviewed all classrooms would be a violation of her responsibilities.

**Decision:**

It is clear that the burden of proof that claims of inaccuracy and unfairness are upon Grievant.  In
matters pertaining to observation reports or other expressions of supervisory evaluation or judgment,
it is the responsibility of Grievant to show that there was evidence of unfair evaluation or judgment.
Typically, statements of evaluation or judgment are not grievable.  While the union and Grievant make
a careful and thoughtful presentation, they did not show any errors of fact.  Clearly, the Assistant
Principal had the right to walk into Grievant's classroom and write down her judgments, as well as
what she saw.  The Principal can also make informal visits and render her observations in a letter for
file.  These are not harassing procedures.  While 8J does delineate the formal observation process to
be followed, it does not deny the Principal the right to write a letter for file based upon the teacher's
observed performance.

In accordance with the above, the grievance is denied.

Approved:    *Walter O'Brien*           *Stanley Weber*
               Walter O'Brien                   Stanley Weber
               LIS, Region 3                  Superintendent's Representative

                                                 1/19/05
                                                 Date

c:    Thomas E. Fox, Jr., Esq., Senior Regional Counsel
      Dina Koski, Principal, PS 26
      Debra Gershman, Assistant Principal, PS 26
      Danny Feldman, UFT District Representative
      Walter O'Brien, LIS, Region 3

YJB 00115

# Exhibit W

*Amended to January 27, 2005*

## STEP I GRIEVANCE FORM

SCHOOL: P.S. 26Q                          DISTRICT: 26

NAME OF GRIEVANT: Yvrose  Jean-Baptiste

TITLE (TEACHER, GUIDANCE COUNSELOR, ETC.): Teacher

SOC. SEC. #:                          FILE #: 666324

DATE GRIEVANCE OCCURRED: 1/27/05

SET FORTH SPECIFICALLY THE ACT OR CONDITION AND THE GROUNDS ON WHICH THE GRIEVANCE IS BASED: Dr. Koski, the principal, has continued her campaign of harassment against me. She uses her subordinate members of faculty to interrupt my scheduled instructional time. Daily disruptions of class continue. The constant daily interruptions, and the use of my prep periods to plan with the math and literacy coaches undermine my professionalism giving the appearance that I am incompeten

☐ This is a RE-ORGANIZATION grievance

SPECIFIC CONTRACTUAL ARTICLE(S) AND SECTION(S) ALLEGED TO BE VIOLATED:

8J   Evaluation and Observation System
23A  Special Complaints

SPECIFIC REMEDY SOUGHT: I want these disruptions and harassment techniques to cease and desist. I am capable of managing my classroom without these disruptions.

I SHALL BE REPRESENTED BY Ms. Arlene Goodman   MY CHAPTER LEADER OR A DESIGNATED ALTERNATE.

Yvrose Jean-Baptiste
Signature of Grievant

DATE FILED: 1/31/05

- G3 -

YJB 00116

**Exhibit X**

P.S. 26 Queens
195-02 69*th* Avenue
Fresh Meadows, New York 11365
(718) 464-4505
fax 718-464-4644

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**

February 8, 2005

Yvrose Jean-Baptiste
Teacher, Class 2-227

Dear Ms. Jean-Baptiste:

In response to the Step I amended grievance dated January 27, 2005 and filed January 31, 2005, I am denying the grievance. The visits to your classroom by the literacy and math coaches are part of professional development.

Very truly yours,

Dina Koski
Principal

DK/bl
Deny step I

YJB 00113

**Exhibit Y**

SCHOOL: P.S. 26Q_____   DISTRICT:   26_____

NAME OF GRIEVANT: Ms. Yvrose Jean-Baptiste_____

TITLE (TEACHER, GUIDANCE COUNSELOR, ETC.): Teacher___

SOC. SEC. #:   _____   FILE #: 666324_____

DATE GRIEVANCE OCCURRED: Almost every day, 9/26, 10/03/05, 10/07, 10/11, 10/12, 1013, 10/14, 10/17, 10/18, 10/20/05

SET FORTH SPECIFICALLY THE ACT OR CONDITION AND THE GROUNDS ON WHICH THE GRIEVANCE IS BASED:

### HARASSMENT AND DISCRIMINATION

I have informed Dr. Koski, Principal, that at will since September 2005, some teachers and paraprofessionals entered my room without any business necessity and teaching with twenty-one children with petty nuisance activities; (i.e. giving bathroom pass which I did not ask for, sheaf of papers which I did not request, knocked on 9/26/05, screamed and said: "Ms. Baptiste, stop being rude to your colleagues in front of the children, 10/21/05, knocked to ask me if I am getting new pieces of furniture.) I don't believe any other teacher is allowed to be treated in such manner and disrespect. **My principal has done nothing to curtail this harassment.** (See attached paper for particular names of teachers)

____
____ This is a RE-ORGANIZATION grievance

SPECIFIC CONTRACTUAL ARTICLE(S) ALLEGED TO BE VIOLATED:

### 23A- SPECIAL COMPLAINT

SPECIFIC REMEDY SOUGHT:  I want the Principal to take this matter in hand, investigate the matter and require that I will be treated in a professional manner. These activities I demand the aforestated activities ceased immediately.


I SHALL BE REPRESENTED BY  Ms. Arlene Goodman   MY CHAPTER LEADER OR A DESIGNATED ALTERNATE.

*Yvrose Jean-Baptiste*
Signature of Grievant

DATE FILED:   October 24, 2005_____

- G3 -

YJB 00064

- G3 -
## SPECIFIC COMPLAINTS

The names of the teachers and paraprofessionals are as follow:

1. Mrs. Rhonda Smith, a second grade teacher 9/26/05 – While I was conferring with '          at Table 1 by the classroom door, Mrs. Smith knocked on the door.  Since I was by the door, I told her that we are busy.  She yelled and said, "Ms. Baptiste stop being rude to your colleague.")  Then she opened the door and asked me, "Did you receive a sheaf of papers?"

2. Mrs. Dale Green, a paraprofessional, 10/03/05 - around 8:45 a.m., opened the door and entered the room 2-227 to ask me a **petty question** while I was having a meeting with twenty-one children on the carpet.

3. Mrs. Kathy V. , a paraprofessional, 10/03/05 – around 9:30 a.m., opened the door and entered the room 2-227 to ask me a petty question.

4. Ms. Jessica Krumerman, a first grade teacher, 10/03/05 – during her prep time, she opened the door, entered the room 2-227, and said, "Here is your bathroom pass."

5. Mrs. Laura Weisberg, a third grade teacher, 10/03/05 – during her prep time, opened the door, entered the room 2-227, and said, "Here is a sheaf of papers I have for you."

Dr. Koski, Principal, 10/03/05 – around 11:30 a.m. entered the room, 2-227, pulled a chair and sat down for about 15 minutes.  Then she left.

On Monday, October 3, 2005, during my lunch, about 12:30 p.m., I informed Dr. Koski, Principal, that some teachers and paraprofessionals have been entering my room to disturb me with twenty-one children.  I have informed her also the four disturbances that I had on 10/03/05 were from 8:30 a.m. to 11:59 a.m.   She told me that she was going to take care of that.  But she never curtailed this harassment.

6. Mrs. Arlene Goodman, Chapter Leader , (10/07/05) - around 2:38 p.m., Mrs. Arlene Goodman, Chapter Leader, came to the room, 2-227, to disturb me with twenty-one children.

YJB 00065

7. Mrs. Nancy McDonnell, a third grade teacher - The same day (10/07/05) around 2:45 p.m. while I was going over the homework with the children, Mrs. Nancy McDonnell, opened the door, grabbed the phone, and yelled by saying, "I am using the phone, this is an emergency".) (room 2-227)

2. Mrs. Dale Green, a paraprofessional, 10/11/05 - around 8:50 a.m., came again in the room, 2-227, for a petty nuisance.

2. Mrs. Dale Green, paraprofessional, 10/12/05 - around 8:55 a.m., came again for a petty nuisance. (room 2-227)

2. Mrs. Dale Green, paraprofessionl, 10/13/05 - around 8:50 a.m., came again for a petty nuisance. (room 2-227)

2. Mrs. Dale Green, paraprofessional, 10/14/05 - around 8:55 a.m., came again. (room 2-227)

2. Mrs. Dale Green, paraprofessional, 10/17/05 - around 9:00 a.m., came to get two of the children's New York City dioramas to display.

8. Mrs. Sheila Behrman, Literacy Coach, 10/18/05 - around 2:05 p.m., I was teaching mathematics to twenty-one children. She opened the door, entered the room, stopped me from giving instructions just to give me two pieces of paper.

On Thursday, October 20, 2005, around 11:30 a.m., during instructional time, Mrs. Rhonda Smith, a second grade teacher, knocked on the door, and              ,
a student in my class went to open the door. She asked me something that was not meaningful. She started to scream in front of the children.

At the conclusion, I am not concerned about what they consider urgent, giving them at will access to harass me. I will not accept any explanation for their unprofessional behavior.

cc: Ms. Arlene Goodman, Chapter Leader

YJB 00066

**Exhibit Z**

P.S. 26 Queens
*The Rufus King School*
195-02 69th Avenue
*Fresh Meadows, New York 11365*
*(718) 464-4505*

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**

November 2, 2005

Ms. Yvrose Jean-Baptiste
Teacher, Class 203

Dear Ms. Jean-Baptiste:

Pursuant to your Step 1 grievance hearing of 10/31/05, your grievance is denied.
Principals and supervisors can visit classrooms at all times as a means of supervision.

Very truly yours,

Dr. Dina Koski
Principal

DK/bl

Deny grievance j-b 11-05

**YJB 00093**

**Exhibit AA**

## K. DAVID TAVAKOLI, M.D.
### Internal Medicine
-------------
191-15 Hillside Avenue
Hollis, NY 11423
718-217-5200

11/10/05

Re: Ybrose Jean-Baptiste
To whom it may concern:
The above named patient
is under my care due
to Hypertension and
palpitations.
Please excuse her
from duty until 11/15/05.
She may return to
work on 11/16/05.

TM

YJB 00090

**Exhibit BB**

## CERTIFICATE TO RETURN
## TO WORK/SCHOOL

Name _Yvrose Jean-Baptiste_

has been under my care from _11/16/05_ to _11/23/05_

and will be able to return to work/school on _11/23/05_

Limitations/Remarks _____

**K. DAVID TAVAKOLI M.D.**
191-15 Hillside Ave
Hollis NY 11423

Dr. _____

Phone _____ Date _____

# allegra
### fexofenadine HCl
#### 180 mg tablets

# allegra-D
#### fexofenadine HCl 60 mg/pseudoephedrine HCl 120 mg
#### Extended-Release Tablets

© 2002 Aventis Pharmaceuticals Inc.
ALG-PD-2653-1 (112)

YJB 00042

**Exhibit CC**

FROM : Y JEHN BHPTISTE                         PHONE NO. :



## Queens Multicare, P.C.

J. ROOSEVELT CLERISME, M.D.
BOARD CERTIFIED PSYCHIATRIST

209-22 HILLSIDE AVE.
QUEENS VILLAGE, NY 11427
TELEPHONE: (718) 217-6279

November 17, 2005

Re:  Yvrose Jean-Baptiste

To whom it may concern:

This is to certify that Ms. Jean-Baptiste has been under my care. Her diagnoses are
Depressive Disorder, PTSD. She had a recent relapse despite medication. She has been
increasingly anxious and depressed with inability to focus at work. Her blood pressure
and heart rate have increased. At this time she is unable to function at work.

Should you have further questions, feel free to contact me.

Sincerely yours,

J. Roosevelt Clerisme, M.D.

YJB 00086

**Exhibit DD**

**P.S. 26 Queens**
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**

November 23, 2005

Ms. Yvrose Jean-Baptiste

Dear Ms. Jean-Baptiste:

This letter is to formally acknowledge receipt of the doctor's note you submitted. I would like to have a more definite time frame of when you plan to return to your teaching position at P.S. 26Q. If you believe you might require an extended period of time, you might consider filing for a leave of absence. I can provide you with the necessary paperwork to submit to the NYC Department of Education, please feel free to contact me if I can be of assistance.

Very truly yours,

Dr. Dina Koski
Principal

DK/bl
J-b leave

YJB 00012

**Exhibit EE**

FROM : Y JEAN BAPTISTE                    PHONE NO. :                    Nov. 29 2005 09:45AM F

**K. DAVID TAVAKOLI, M.D.**
Internal Medicine
-------------
191-15 Hillside Avenue
Hollis, NY 11423
718-217-5200

11/28/05

Re: Yvrose Jean-Baptiste

To whom it may concern;

The above named patient is under my care due to hypertension and palpitations.

Please excuse her from her duty until 12/12/05.

We will notify you when she will return to work.

**Exhibit FF**



**Queens Multicare, P.C.**

J. ROOSEVELT CLERISME, M.D.
BOARD CERTIFIED PSYCHIATRIST

209-22 HILLSIDE AVE.
QUEENS VILLAGE, NY 11427
TELEPHONE: (718) 217-6279

November 29, 2005

Re:   Yvrose Jean-Baptiste

To whom it may concern:

This is to certify that Ms. Jean-Baptiste has been under my care. Her diagnoses are Depressive Disorder, PTSD. She had a recent relapse despite medication. She has been increasingly anxious and depressed and has not been able to work since 11-07-05. She has shown limited improvement despite compliance with antidepressant and psychotherapy. Her medications are still being adjusted. It is projected that she might be able to resume her duties the first week of January.

Should you have further questions, feel free to contact me.

Sincerely yours,

J. Roosevelt Clerisme, M.D.

YJB 00003

**Exhibit GG**

**P.S. 26 Queens**
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
fax 718-464-4644

Dr. Dina Koski, Principal                    Mrs. Debra Gershman, Assistant Principal

November 28, 2005

Mr. Walter O'Brien, LIS
30-48 Linden Place
Flushing, NY 11354
Region 3

Dear Mr. O'Brien:

Re: Request for Medical Examination of Employee

Name: Yvrose Jean-Baptiste
Home Address:

File and SS No.: File 666324
License and/or Title: Early Childhood

Pursuant to Section 2568 of the New York State Education Law and for the reasons enumerated in the attached report, I request a medical examination of the above individual, employed under my supervision.

Very truly yours,

Dr. Dina Koski
Principal

Report of Reasons Enclosed

c: Chief Executive, Division of Human Resources
Personnel Manager
Administrator, Medical Bureau
Employee

YJB 00020

P.S. 26 Queens
*195-02 69th Avenue*
*Fresh Meadows, New York 11365*
*(718) 464-4505*
*fax 718-464-4644*

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**

REPORT OF REASONS FOR REQUESTING MEDICAL EXAMINATION OF EMPLOYEE

Name:                    Yvrose Jean-Baptiste
Home Address:
File and SS No.:        666324,
License and/or Title:  Early Childhood

Medical examination of the above referenced individual employed at this site under my supervision is requested for the reasons enumerated below:

1. Diagnosis as stated on medical note (see attached)

2. Attendance, absent from November 8 - ?, including parent teacher conferences

Dina Koski
Principal

c: Chief Executive, Division of Human Resources
    Personnel Manager
    Administrator, Medical Bureau
    Employee

YJB 00021

**Exhibit HH**

# NYC Department of Education
Region 3
30-48 Linden Place
Flushing, NY 11354
718-281-7500

Ms. Heidy Lystad
Medical Bureau
65 Court Street-Room 200
Brooklyn, NY 11201

Dear Ms. Lystad:

RE: Request for Medical Examination

Name: Yvrose Jean-Baptiste
Mailing Address:
File #: 666324
License: Early Childhood
SS #:
School: P.S.26Q

I hereby direct a medical examination for the above employee whose immediate supervisor has requested this examination to determine his/her mental and/or physical capacity to perform his/her duties. A copy of the request and report of reasons submitted to me for this purpose is attached.

Please forward your medical report and recommendation to me as soon as possible.

Very truly yours,


Walter O'Brien
Local Instructional Superintendent




c: Senior Regional Counsel
    Principal

YJB 00022

**Exhibit II**



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

JOEL I. KLEIN, *Chancellor*

DIVISION OF HUMAN RESOURCES
MEDICAL, LEAVES & BENEFITS OFFICE
65 Court Street – Brooklyn, NY 11201

**CERTIFIED MAIL RETURN RECEIPT REQUESTED** (7000 1530 0000 6920 7657)

December 7, 2005

Yvrose Jean-Baptiste

File No: 666324

Dear Ms. Jean-Baptiste:

Pursuant to Section 2568 State Education Law, you are directed to report to the Medical, Leaves & Benefits Office, 65 Court Street, Room 201, Brooklyn, N.Y. 11201 on, **December 16, 2005 at 9:30 a.m.** for a medical examination.  Please bring all available, relevant, current medical information.

This directive is made at the request of Walter O'Brien, Local Instructional Superintendent, Region 3.  One person of your choice may be present during your examination.  Please contact your union.  If you elect not to have someone present, you will be asked to sign a waiver.

**Please be advised that failure to respond to this directive may result in disciplinary action.**  If you have any questions, please call (718) 935-2731.

Very truly yours,

Edna Wells Handy
Deputy Executive Director
Medical, Leaves & Benefits Office

By _Mercuria Gibson_
Mercuria Gibson
Director
Medical, Leaves & Benefits Office

c:   Walter O'Brien, Local Instructional Superintendent, Region 3
     Dina Koski, Principal, P.S. 26
     Regular Mail
     Medical File

YJB 00005

# Exhibit JJ



## *Queens Multicare, P.C.*

**J. ROOSEVELT CLERISME, M.D.**
**BOARD CERTIFIED PSYCHIATRIST**

209-22 HILLSIDE AVE.
QUEENS VILLAGE, NY 11427
TELEPHONE: (718) 217-6279

December 15, 2005

Re:  Yvrose Jean-Baptiste

To whom it may concern:

This is to certify that Ms. Jean-Baptiste has been under my care. Her diagnoses are Depressive Disorder, PTSD. She had a recent relapse despite medication. She has been increasingly anxious and depressed and has not been able to work since 11-07-05. She has shown limited improvement despite compliance with antidepressant and psychotherapy. Her medications are still being adjusted and her progress is slower than expected.  It is unlikely she might be able to resume her duties in  January.

Should you have further questions, feel free to contact me.

Sincerely yours,

J. Roosevelt Clerisme, M.D.

YJB 00033

**Exhibit KK**

FROM : Y JEAN BAPTISTE      PHONE NO. : 7184685648      Dec. 20 2005 03:17PM P2




### NEW YORK CITY BOARD OF EDUCATION
### COMPREHENSIVE INJURY REPORT
### PART A - FACT SHEET

**1.** Last Name of Injured Person: *Jean-Baptiste*  
**2.** Name First or Variable: *Yvrose*  
**3.** Student Identification #: *266324*

## INJURED PERSON DATA

**5.** Sex: *F*  
**6.** Grade Level: *Adult*  
**7.** Date of Birth  
**8.** Home Address

**10.** Status of Injured Person (Check One)
- A. ☐ STUDENT
- B. ☒ REG. TEACHER
- C. ☐ SUB TEACHER
- D. ☐ PRINCIPAL/ASST. PRINCIPAL
- E. ☐ GUIDANCE COUNS., SCH. PSYCH., SCN. SOCIAL WKR., ETC.
- F. ☐ SCHOOL SECRETARY
- G. ☐ CUSTODIAL STAFF
- H. ☐ SCHOOL SAFETY STAFF
- I. ☐ PARENT/GUARDIAN
- J. ☐ VISITOR-BOE EMPLOYEE
- K. ☐ VISITOR-NON-BOE EMPLOYEE
- L. ☐ ANNUAL ADMINISTRATIVE
- M. ☐ HOURLY ADMINISTRATIVE
- N. ☐ ANNUAL SUPPORTIVE (PARA, ETC.)
- O. ☐ HOURLY SUPPORTIVE (SCH. AIDE, ETC.)
- P. ☐ VOLUNTEER
- Q. ☐ OTHER/SPECIFY

**11.** Assignment Location (Name of School or Division/Office): *P.S. 26Q ~26~Region 3*  
**12.** Geographical Location of Injury (If Same Only, Address of Location is Different from #11)

**13.** Telephone Number (Where Injury Occurred)  
**14.** Name of Supervising Teacher (If Student Injured)

**15.** Date of Injury: *11/07/05*  
**17.** Time of Injury: *AM*  
**18.** Total Years of Service with BOE: *15 yrs*  
**19.** Grade Level/Classroom/Case (If Student Injured)

**16.** Name of Site Supervisor/Principal: *Dr. Dina Koski – Princ.*

## PLACE APPLICABLE NUMBERS IN THE BOXES BELOW, USING BLUE OR BLACK INK

**20. GENERAL ACTIVITY:** `9 8`  
**21. SPECIFIC ACTIVITY (CONT'D):** `3 1`  
**22. INJURY LOCATION (CONT'D):** `4 4`  
**23. CAUSAL AGENT (CONT'D):** `9 8`  
**25. BODY PART(S) INJURED:** `9 8`

## INJURY DESCRIPTION

PLACE AN "X" IN THE APPROPRIATE BOXES BELOW USING BLUE OR BLACK INK.

- **26.** Was Parent/Guardian Contacted? YES ☐ NO ☒
- **27.** Did Injured Person Receive Medical Attention? YES ☐ NO ☒
- **28.** Was First Aid Administered at School/Site? YES ☐ NO ☒
- **29.** Was Injured Person Taken to a Hospital? YES ☐ NO ☒
- **30.** Was an Ambulance Utilized? YES ☐ NO ☒

**24. CAUSAL AGENT PERSON:** `0 1`
- 01. BOE Employee
- 02. Other Person
- 03. Other Student
- 04. Self
- N/A

**31.** Name of Nurse/Physician, Used at School/Site

**32.** Name of Hospital

**33.** Name of Attending Physician

**34.** Signature of Injured Person: *Yvrose Jean-Baptiste*  
Title: *Teacher*  
Date: *12/16/05*

**35.** Signature of Site Supervisor/Principal

**37.** Signature of Superintendent    ☐ APPROVED ☐ DISAPPROVED

YJB 00029

FROM : Y JEAN BAPTISTE          PHONE NO.                    Dec. 20 2005 03:18PM P3

### NEW YORK CITY BOARD OF EDUCATION
### COMPREHENSIVE INJURY REPORT
### PART B - INJURY DESCRIPTION

1. Last Name: **Jean-Baptiste**          First: **Yvrose**     Middle Init:

2. File #: **666324**     4. Student Identification #:     Location of Injury - (Dist/Boro/School or Division/Office): **P.S. 26Q-D.026 Reg. 3**

6. Date of Injury/Examination/Treat.: **11/7/05**     7a. Time of Injury:     7b. AM or PM: (circled)

NOTE: PRINT ALL INFORMATION USING BLUE OR BLACK INK OR USE A TYPEWRITER.
PLEASE INDICATE THE NATURE, TIME, PLACE AND MANNER IN WHICH THE INJURY OCCURRED.

Since I have come to the school, I have suffered repeated acts of discrimination and harassment. The discrimination reached its peak on November 7, 2005, when I received a letter from the principal, Dr. Koski, that threatens me with disciplinary action. My pressure went up immediately and I have not been able to return to work since then.

Signature of Injured Person: **Yvrose Jean-Baptiste**     Signature     Title     Date: **12/16/05**

YJB 00030

**Exhibit LL**

Jan-2006  17:48
Attachment #2
UFT WELFARE FUND
P. 05

## THE NEW YORK CITY DEPARTMENT OF EDUCATION
### DIVISION OF HUMAN RESOURCES
### OFFICE OF FIELD SERVICES
### 65 COURT STREET - ROOM 811
### BROOKLYN, NEW YORK 11201

### APPLICATION FOR UFT SABBATICAL LEAVE OF ABSENCE

I hereby apply for **SABBATICAL LEAVE OF ABSENCE** for the purpose and period indicated:

Purpose _Medical Emergency-Restauration To Health_ From _2/11/06_ Through _7/06_

If applying for more than one purpose, I request that my application be processed in the order of priority indicated below:

(# _✓_ ) Restoration of Health

(# _____ ) Study             (# _____ ) Study/Independent Study

Name and Home Address of Applicant:     File No. _66632 ⁴_

_Jean-Baptiste, Yurose_
LAST NAME, FIRST NAME       Soc. Sec. No. _____

                 School _26 Q_    Region _3_
STREET                   License _Early Childhood_

CITY/STATE      ZIP        AREA CODE   HOME PHONE NUMBER

**Certification by Applicant:** In consideration of the grant of sabbatical leave for the purpose and period indicated, I hereby agree to deduction from my salary of the sabbatical rate prescribed by regulations for the period of such leave. I hereby signify my understanding that while I am on sabbatical leave, I may not engage in gainful employment or occupation nor may I study for another trade or profession. I understand that sabbatical leave time is not creditable toward completion of probation. I also have completed and attached "Statement by Applicant" (Attachment 4).

Date Signed _1/5/06_    Signature of Applicant _Yurose Jean-Baptiste_

**Certification by Principal or Unit Head:** The foregoing application was received no later than the due date established for sabbaticals beginning on the date shown.

Date Signed _1/11/06_    Signature of Principal _Dena Xxx_
                (If other, give title)

**Certification by Local Instructional Superintendent or Executive Director:** The foregoing application has been reviewed and is forwarded for verification of eligibility. If for study, the prescribed study plan has been approved by me and the submissions required upon completion of the sabbatical leave will be checked to ensure compliance with requirements. It is understood that approval is subject to the 5% school quota limit or hardship provisions.

Date Signed _____    Signature _____

                  Title _____

YJB 00052

FROM : Y JEAN BAPTISTE          PHONE NO. :          Jan. 05 2006 01:45PM P4

UFT WELFARE FUND                                     P.06

Attachment #4

THE NEW YORK CITY DEPARTMENT OF EDUCATION
DIVISION OF HUMAN RESOURCES
OFFICE OF FIELD SERVICES
65 COURT STREET - ROOM 811
BROOKLYN, NEW YORK 11201

### STATEMENT BY APPLICANT FOR UFT OR CSA SABBATICAL LEAVE OF ABSENCE

Pursuant to Article 16B of the Agreement, I understand that sabbatical leaves of one year shall be conditional upon the employee returning to the New York City public school system for two (2) years of active service. I further understand that my failure to comply with these return provisions will make me liable to the New York City Board of Education for the salary that I received during my sabbatical period.

Sabbatical leaves of six months or less shall be conditional upon the employee returning to the New York City public school system for one (1) year. I further understand that my failure to comply with these return provisions will make me liable to the New York City Board of Education for the salary that I received during my sabbatical period.

If an employee is unable to return from a sabbatical or is unable to complete the applicable service requirement on return from a sabbatical due to a medical incapacity which has developed since the commencement of the sabbatical, such employee may apply for an exception to this return provision. Such hardships shall be reviewed and approved or disapproved by the Board's Medical Division on a case-by-case basis. Such requests must be submitted to:

The New York City Department of Education
Division of Human Resources - Medical Bureau
Attention: Waiver of Sabbatical Return
65 Court Street, Room 201
Brooklyn, New York 11201

If the Board of Education terminates my services prior to my satisfying the applicable return provision, the requirement for any refund shall be eliminated.

NAME:                                    FILE NUMBER:

Yvrose Jean-Baptiste                     666324
(PRINT)

SIGNATURE OF APPLICANT: *Yvrose Jean-Baptiste*  DATE: 1/5/06

YJB 00053

**Exhibit MM**



# THE NEW YORK CITY DEPARTMENT OF EDUCATION

**JOEL I. KLEIN,** *Chancellor*

DIVISION OF HUMAN RESOURCES
MEDICAL, LEAVES & BENEFITS OFFICE
65 Court Street – Brooklyn, NY 11201

**TO:**     Yvrose Jean-Baptiste

　　　　　S.S. #_____　　　　　＿＿　　File #___666324___

　　　　　Region/School:　　P.S. 26-Q Region 3

**FROM:**   Audrey Jacobson, M.D., M.P.H., M.A.
　　　　　Medical Director, Medical, Leaves & Benefits Office

　　　　　Mercuria Gibson
　　　　　Director, Medical, Leaves & Benefits Office

**SUBJECT:**   **EMPLOYEE MEDICAL REVIEW**

---

Medical Examination ___01/09/2006___　　　　　Records Review_____

　　Findings:

　　　1.　/___/ Fit　　　　　　　　　　　　　　2.　/_X_/ Not fit at present

　　　3.　/___/ No objective findings to preclude return to work　　5.　/___/ Workers Compensation

　　　4.　/___/ MLB clearance not required for return to work　　6. /___/  Other

Comments: Health leave is recommended until June 30, 2006.  Awaiting requested application form.

_____

_____

_____

Next Appointment Date:_____

**PLEASE NOTE THAT REQUESTED MEDICAL DOCUMENTATION MUST BE SUBMITTED
WIOTHIN FIFTEEN DAYS.**

/S/_____　　　　　　　___01/09/2006___
　　　　Ann Garner, M. D.　　　　　　　　　　　　DATE
　　School Medical Inspector

c: Human Resource Manager
　Principal
　Medical File

YJB 00345

**Exhibit NN**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**          **Mrs. Debra Gershman, Assistant Principal**

September 7, 2006

Ms. Yvrose Jean-Baptiste
Teacher, Class 013

Dear Ms. Jean-Baptiste:

On September 6, 2006, Ms. Won – LIS, Mrs. Gershman – A.P. – and I met to discuss several
parent complaints. We visited your classroom prior to this meeting. At the meeting we discussed:

- the classroom environment
- the need for the new reading series materials
- the classroom library
- the easel and other center materials

I instructed you to improve the physical environment of the classroom. The room must have labeled
centers in place. There must be writing, art, math and science centers. The library must be 30%
leveled and must contain the following baskets – i.e. author, non-fiction including separate baskets
for biography, etc.

The flow of the day chart must be in place. We reviewed the observation check list which you
received at the August 31, 2006 faculty conference.

We assured you that you would receive the books and materials for the reading series and Everyday
Math today. As we discussed, Mrs. Behrman the literacy coach will work with you on improving the
classroom environment as well as planning for the educational needs of your students. The
consultant from the reading program will meet with you and assist you in the implementation of the
balanced literacy program.

We notified you that significant improvement must be identified by Friday, September 8, 2006 at
9:00 a.m. If you have any questions please see me or Mrs. Gershman.

Sincerely,

Dr. Dina Koski
Principal

Under Protest 9/7/06

Yvrose Jean-Baptiste – I have received this letter and understand that a copy will be placed in my
file.

YJB 00376

**Exhibit OO**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**          **Mrs. Debra Gershman, Assistant Principal**

September 13, 2006

Ms. Yvrose Jean-Baptiste
Teacher
File #666324

Dear Ms. Jean-Baptsite:

On September 11, 2006, Mrs. Gershman – Assistant Principal, Mrs. Goodman – UFT
Representative and I met with you to discuss your insubordination.

On Friday, September 8, 2006 Mrs. Levy walked to your room and informed you
that Mrs. Sankovsky would cover your class so that you could meet with me.  You
responded that you would not meet with me without Mrs. Goodman (UFT
representative).  Following your refusal to meet with me, I scheduled a disciplinary
conference for September 11.  I must remind you that when we met with Mrs.
Won, LIS on September 6, we discussed reconvening to evaluate your progress on
Friday, September 8.  My request to see you on September 8 was not for
disciplinary reasons.

I conclude that your refusal to meet with me for non-disciplinary matters
constitutes insubordination.  Please be advised that this incident may lead to
further disciplinary action including an unsatisfactory rating and charges that can
lead to your termination.

Sincerely,

Dr. Dina Koski
Princpal


I have received a copy of this letter and understand that the original will be placed
in my file.

_____
Yvrose Jean-Baptiste

_____
Date

YJB 00325

**Exhibit PP**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**          **Mrs. Debra Gershman, Assistant Principal**

September 13, 2006

Ms. Yvrose Jean-Baptiste
Teacher
File #666324

Dear Ms. Jean-Baptiste:

On September 11, 2006 Mrs. Gershman – Assistant Principal, Mrs. Goodman – UFT
Representative and I met with you. The meeting was not disciplinary but rather
was to assist you.

At our meeting today we discussed the following:
- Although there was slight improvement, the room still is not an
  environment in which children can be comfortable, motivated and
  enriched. We told you at our last meeting to remove the charts with
  standards that are not in "child friendly" language.
- The "flow of the day" must include teaching points for all subjects.
- Rituals and routines for the management of learning centers are necessary
  beginning on day one. Children must know what centers they are to go to.
  Accurate record keeping is a must.
- Mrs. Behrman the literacy coach will continue to assist you. Furthermore,
  on Monday September 18, 2006, a consultant from McMillan McGraw-Hill will
  meet with you. She will provide the information that was disseminated in
  June.

Mrs. Gershman and I are available to support you and to ensure that the children in
your class are given the opportunity to become "all that they are capable of
being".

Very truly yours,

Dr. Dina Koski
Principal

I have received a copy of this letter and understand that the original will be placed
in my file.

_____          _____
Yvrose Jean Baptiste                        Date

_____

**YJB 00329**

**Exhibit QQ**

Date: Friday, Jan 12, 2007 @ 8:40
From: Shula Behimen
To: Dr. Dina Roski
Re: Articulation with Ms. Jean Baptiste

I knocked on Ms. Jean Baptiste's door. When she answered the door she said she was busy and had things to do.

I gave her January's Unit-Writers Write for Many Purposes Throughout the Day and Across the World and wanted to plan with her. However, she felt she didn't need my help. "You could demonstrate, I can plan myself," she said. That was the end of the conversation.

**Exhibit RR**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**          **Mrs. Debra Gershman, Assistant Principal**

January 19, 2007

Ms. Yvrose Jean-Baptiste
Teacher Class 013

Dear Ms. Jean-Baptiste:

Mrs. Goodman (UFT), Mrs. Gershman (AP) and I met with you on
January 19, 2007 to discuss the fact that you must allow Mrs.
Behrman (literacy coach) to continue to work with you in the area of
literacy.  I must remind you that we discussed this plan on
September 6, 2006 (see attached letter).

Failure to cooperate with Mrs. Behrman will result in further
disciplinary action.

Very truly yours,

Dr. Dina Koski
Principal

*Under Protest*

I have received this letter and understand that a copy will be placed
in my file. – Yvrose Jean Baptiste

*Over* →

**YJB 00475**

**Exhibit SS**

**P.S. 26 Queens**
195-02 69th Avenue
**Fresh Meadows, New York 11365**
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**
March 27, 2007

Ms. Yvrose Jean-Baptiste
Teacher Class 013

Dear Ms Jean-Baptiste:

I met with you and Mrs. Goodman (UFT Representative) on March 26, 2007. We discussed the fact that the sub folder that was in your room on March 19, 2007 did not contain the required information. The information required is a class list of names, list of bus children, list of students who take medication and a list of children who stay for the 37 ½ minutes. A seating plan and generic lesson plans also must be included.

You informed me that you did not know what happened to your red folder and that you had the lists at home because you were redoing them. I told you that they should have been available.

We also discussed the fact that you must pick up your class promptly at 8:20 a.m. We are adhering to the time clock and bells. They have been synchronized.

Therefore, the main points discussed at our meeting were:

- The subfolder is required to be available and current.
- Your class must be picked up promptly at 8:20 a.m.

Failure to comply with these school policies can lead to disciplinary action.

Very truly yours,

Dr. Dina Koski
Principal

I have received a copy of this letter and understand that a copy has been placed in my file.

_____          *Under Protest 3/29/07*
Yvrose Jean-Baptiste

*(See the back)*

YJB 00516

**Exhibit TT**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**

June 18, 2007

Ms. Yvrose Jean- Baptiste
Teacher, Class 013

Dear Ms. Jean-Baptiste:

I met with you and Mrs. Arlene Goodman (UFT) on June 18, 2007. I informed you that you were insubordinate. The check-lists for Literacy and Math were due on May 19, 2007. I extended the due date to May 26, 2007. You failed to submit them on that date. When I requested them on June 13, 2007 you had not completed them. You responded rudely and followed me out the door. Your students witnessed unprofessional behavior.

Furthermore, you delayed the reorganization of the kindergarten by your failure to attend the informal grade conference on May 24, 2007. On May 29 at our formal grade-reorganization meeting you had not prepared the necessary paperwork (see end term calendar).

Last, I must inform you that you cannot call before 8:20 a.m. to inform us that you will arrive by 11 a.m. You called the school on June 15, 2007 before 8:20 a.m. and arrived t 10:59 a.m. This is unacceptable.

You are reminded of your obligation to attend monthly informal and formal grade conferences, adhere to due dates and address me in a professional manner.

Please be advised that failure to comply with Department of Education regulations and school policies can lead to further disciplinary action.

Very truly yours,

Dr. Dina Koski
Principal

I have read the above letter and understand that a copy will be placed in my file.

_Under Protest yjb_

_over →_

Yvrose Jean-Baptiste

**YJB 00456**

**Exhibit UU**

SEP. 27 2006 06:52HM P2



*Queens Multicare, P.C.*

J. ROOSEVELT CLERISME, M.D.
BOARD CERTIFIED PSYCHIATRIST

209-22 HILLSIDE AVE.
QUEENS VILLAGE, NY 11427
TELEPHONE: (718) 217-6279

September 25 , 2006

Re:  Yvrose Jean-Baptiste

To whom it may concern:

This is to certify that Ms. Jean-Baptiste has been under my care and was reevaluated today in emergency. Her diagnoses are Depressive Disorder, PTSD. She had a recent exacerbation of her symptoms and has not been able to work since 09-25-06. She is expected to resume her duties on 10-02-06.

Should you have further questions, feel free to contact me.

Sincerely yours,

J. Roosevelt Clerisme, M.D.

YJB 00298

**Exhibit VV**

**PS. 26 Queens**
**The Rufus King School**
**195-02 69th Avenue**
Fresh Meadows, New York 11365
(718) 464-4505

Dr. Dina Koski, Principal                                    Mrs. Debra Gershman, Assistant Principal

Ms. Janet C. Won
Local Instructional Superintendent
Department of Education, Region 3
30-48 Linden Place
Flushing, New York 11354

Dear Ms. Won:

<u>REPORT OF REASONS FOR REQUESTING MEDICAL EXAMINATION OF EMPLOYEE</u>

Name:  Yvrose Jean-Baptiste
Also Known as:
Home Address:

File and SS No.: 666324, SS#
License and/or Title:  Teacher Early Childhood

    Medical examination of the above referenced individual employed at this site under my supervision is requested for the reasons enumerated below:

    1.    There is evidence of the re-occurrence of Depressive Disorder PTSD

    2.    Absence from 9-25-06 through 10-02-06.  See attached Doctors note.
          (Hard copy to follow)

                              Dr. Dina Koski
                              Principal

c:  Chief Executive, Division of Human Resources
    Personnel Manager
    Administrator, Medical Bureau
    Employee

YJB 00297

**Exhibit WW**



# THE NEW YORK CITY DEPARTMENT OF EDUCATION
JOEL I. KLEIN, *Chancellor*

DIVISION OF HUMAN RESOURCES
MEDICAL, LEAVES & BENEFITS OFFICE
65 Court Street – Brooklyn, NY 11201

**TO:** Ms. Yvrose Jean-Baptiste

S.S. # _____   File # _666324_

Region/School: _P.S. 266   Region 3_

**FROM:** Audrey Jacobson, M.D., M.P.H., M.A.
Medical Director, Medical, Leaves & Benefits Office

Clayton Newman
Director, Medical, Leaves & Benefits Office

"2568"

**SUBJECT:** EMPLOYEE MEDICAL REVIEW

---

Medical Examination _10/16/06_   /Records Review _____

**Findings:**

1. /___/ Fit                                                    2. /___/ Not Fit         Elm

3. /___/ No objective findings to preclude return to work    5. /___/ Workers Compensation

4. /___/ MLB clearance not required for return to work       6. /___/ Other

Comments: _Ms. Jean-Baptiste may continue in service pending completion of ongoing evaluation. Awaiting requested medical documentation._

---

Next Appointment Date: _____

**PLEASE NOTE IF MEDICAL DOCUMENTATION HAS BEEN REQUESTED, IT MUST BE
SUBMITTED WITHIN FIFTEEN DAYS.**

_____                    _10/16/06_
Eliane Meyer, M. D.                          DATE
Assistant Medical Director

c: Human Resource Manager
   Principal
   Medical File

**YJB 00049**

# Exhibit XX

**K. David Tavakoli, M.D.**
191-15 Hillside Avenue
Hollis, NY 11423
(718) 217-5200

---

### EXCUSED ABSENCE

---

Yvrose Jean-Baptiste has been
under my care
from : *10-30-2006*
to: *10-31-2006*

I confirm that this patient's absence was

physician advised.

_____
Signature

Special Instructions:

YJB 00354

**Exhibit YY**

FROM : Y JEAN BAPTISTE          PHONE NO. :          Nov. 09 2006 03:56PM P2

*Via Fax*



**NEW YORK CITY BOARD OF EDUCATION**
**COMPREHENSIVE INJURY REPORT**
**PART A - FACT SHEET**

*Hand delivered*



**INJURED PERSON DATA**

Last Name: Jean-Baptiste   First: Yvrose

Social Security #: 666324

Sex: Female

Status of Injured Person: B. REG. TEACHER (checked)

- A. STUDENT
- B. REG. TEACHER
- C. SUB. TEACHER
- D. PRINCIPAL/ASST. PRINCIPAL
- E. GUIDANCE COUNS., SCH. PSYCH., SCH. SOCIAL WKR., ETC.
- F. SCHOOL SECRETARY
- G. CUSTODIAL STAFF
- H. SCHOOL SAFETY STAFF
- I. PARENT/GUARDIAN
- J. VISITOR-BOE EMPLOYEE
- K. VISITOR-NON-BOE EMPLOYEE
- L. ANNUAL ADMINISTRATIVE
- M. HOURLY ADMINISTRATIVE
- N. ANNUAL SUPPORTIVE (PARA, ETC.)
- O. HOURLY SUPPORTIVE (SCH. AIDE, ETC.)
- P. VOLUNTEER
- Q. OTHER/SPECIFY

Assignment Location: P.S. 260 Region 3

Telephone number: 718-464-2505

Name of Supervising Person: Dr. Dina Koski - Prin.

Name of Site Supervisor/Principal: Dr. Dina Koski - Prin.

Date of Injury: 11.08.06

**INJURY DESCRIPTION**

PLACE APPLICABLE NUMBERS IN THE BOXES BELOW, USING BLUE OR BLACK INK

General Activity: 11

Specific Activity: 44

Causal Agent (Cont'd): 78 / 49

Injury Activity Cont'd: 31

Body Part(s) Injured: 25 / 99

Causal Agent: 18

**CAUSAL AGENT PERSON**
- 0: BOE Employee
- 1: Other Person
- 2: Other Student
- 04: Self
- 99: N/A

This Form is a... nurse   YES

Was Injured Person Taken to a Hospital? YES

Was an Ambulance Involved? YES

Name of Hospital/Physician used at School/Site: Ms. Mena Finkelman   L.I. Jewish - New Hyde Park

Signature of Injured Person: Yvrose Jean-Baptiste   Title: Teacher   Date: 11/8/06

RETURN ORIGINAL TO: BOARD OF REVIEW 65 COURT STREET - RM 811, BROOKLYN, NEW YORK 11201

YJB 00347

FROM : Y JEAN BAPTISTE          PHONE NO. :          Nov. 09 2006 03:57PM P3

*Via Fax*

*Hand Delivered*

### NEW YORK CITY BOARD OF EDUCATION
### COMPREHENSIVE INJURY REPORT
### PART B – INJURY DESCRIPTION



| Last Name of Injured Person | | First | | Middle Initial |
|---|---|---|---|---|
| Jean-Baptiste | | Yvrose | | |

| File # | Student Identification | Location of Injury (Unit/Boro/School or Division/Office) |
|---|---|---|
| 266 324 | | P.S. 26Q - D.O. 26 Reg. 3 |

Date of Injury: 11/8/05

**NOTE: PRINT ALL INFORMATION USING BLUE OR BLACK INK OR USE A TYPEWRITER**
**PLEASE INDICATE THE NATURE, TIME, PLACE AND MANNER IN WHICH THE INJURY OCCURRED.**

On Wednesday, November 8th, 2006, around 1:45 p.m while I was in my classroom K-104, I got dizzy. I became physically distabilized and went to the nurse. The nurse made the determination for me to go to the hospital, and was transported to Long Island Jewish Hospital by an ambulance. I arrived there around 3:00 p.m. I went to the emergency room where I remained for testing and observation. I was given tylenol for the headache and dizziness. I was told to report to my primary physician and my psychiatrist. yjb

| Signature of Injured Person | | Signature | Title | Date |
|---|---|---|---|---|
| Yvrose Jean-Baptiste | | | | 11/8/06 |

O.O.R.S.
Board of Education Control #

RETURN ORIGINAL TO: BOARD OF REVIEW 65 COURT STREET · RM 511, BROOKLYN, NEW YORK 11201

YJB 00348

**Exhibit ZZ**

# K. DAVID TAVAKOLI, M.D.
## Internal Medicine
------------

191-15 Hillside Avenue
Hollis, NY 11423
718-217-5200

11/9/06

Re:

To whom it may concern:
The above named
patient was seen in
this office on the
above date. She is
being treated for
hypertension.
She may return
to work on 11/15/06

YJB 00288

**Exhibit AAA**

FROM : Y JEAN BAPTISTE          PHONE NO. :          Nov. 22 2006 08:40AM P2

**K. DAVID TAVAKOLI, M.D.**
Internal Medicine
-------------
191-15 Hillside Avenue
Hollis, NY 11423
718-217-5200

11/21/06

Re: Yurose Jean-Baptiste.
To whom it may concern.
The above patient
was seen in this office
on the above date for
follow-up for left-
sided weakness.
Due to abnormal
MRI, patient will need
to see a neurologist.
Patient may return
to work on 11/27/06.

YJB 00313

**Exhibit BBB**

**ARYEL NICOLEAU, M.D., F.A.C.P.,F.A.G.S.**
92-04 SPRINGFIELD BOULEVARD
QUEENS VILLAGE, NY 11428

(718) 465-3040

DEA # AN 9586982
LIC. # 141741 (NY)

NAME _TVLORE JEAN BAPTISTE_

ADDRESS _____ DATE 11 27 06

Rx ILLEGAL IF NOT SAFETY BLUE BACKGROUND

R̥

WAS EXAMINED TODAY

PT IS CONTROLLED. S/HE

IS CLEARED TO RESUME

WORK IN FULL

CAPACITY, NO RESTRICTION

AS OF 11/27/06

THIS PRESCRIPTION WILL BE FILLED GENERICALLY
UNLESS PRESCRIBER WRITES 'd a w' IN THE BOX BELOW.

Refill _____ times

NR _____ Label

Dispense As Written

5JIM4107477

YJB 00353

**Exhibit CCC**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**                          **Mrs. Debra Gershman, Assistant Principal**

Date:         September 17, 2007

TO:          Ms. Y. Jean-Baptiste

FROM:      Dr. Koski

Dear Ms. Jean-Baptiste:

This morning Ms. Goodman, Mrs. Gershman and I met with
you to discuss the following items:

- I stated that the purpose of our meeting was to discuss my
  expectations for this year.
- We expect that you will be a viable member of the
  kindergarten team.
- I stated that when you are missing textbooks or have a
  problem, you must notify me or Mrs. Gershman.  We cannot
  help you if we do not know the problem.
- If you need to arrive at school after 8:20 a.m., please let us
  know your expected time of arrival.  Then we can cover
  your class.  If you are late more than three hours and
  twenty minutes, your paycheck will reflect this.
- Your daily schedule must always reflect the entire day's
  plan.

I hope that this will be a wonderful year for the P.S. 26 family.

**Exhibit DDD**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**            **Mrs. Debra Gershman, Assistant Principal**

October 3, 2007

Dear Mrs. Jean-Baptiste:

Today I met with you, Mrs. Goodman (UFT Representative) and Mrs. Gershman (Assistant Principal).

I told you that when a teacher is absent the following procedure must be followed: "If you are taking a personal business day, please request the appropriate forms from the secretary. If you are ill, please call the school by 7:10 a.m. Procedures for hiring substitutes will be distributed with a new sub list. Use Sub-Central (see attachment from September conference notes). Furthermore, the information about Sub-Central was distributed early in June 2007.

Yesterday (October 1, 2007) you were absent from school. You called school at 8:20 a.m. and spoke with Mrs. O'Connor. The message earlier in the day did not state whether or not you hired a sub or called Sub-Central. You told Mrs. O'Connor that you did not call Sub-Central because you did not know your pin number. I informed you today that you must call the school and Sub-Central if you are going to be absent.

You are reminded that you must follow school policy regarding attendance and notification of absences. Please be advised that failure to follow school policy may lead to further disciplinary action and an unsatisfactory rating.

Sincerely,

Dr. Dina Koski
Principal

I have received a copy and a copy is in my file_____

over

YJB 00436

**Exhibit EEE**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**                    **Mrs. Debra Gershman, Assistant Principal**

December 6, 2007

Ms. Jean-Baptiste
Kindergarten Teacher – Class K-104

Dear Ms. Jean-Baptiste:

I met with you for a Pre-Observation Conference and suggested that
your lesson could be improved. I requested that you show me the
changes before your observation. You did not revise the lesson.

I visited you and class K-104 on November 8, 2007 at 9:25 a.m. The
teaching point was "we will experiment to see if plants need water
to grow." You read the teaching point to the students. Then the
children echo read the teaching point.

You then showed the children two identical plants. You asked the
children to describe the plants. You labeled one plant "water".
You asked the children, "What is the beginning sound." You then
had the children blend the word water. You labeled the second
plant "no water". You asked the children to turn to their partner
and talk about "what will happen to water?" You hung a chart:
What will happen to "Water"

Will Grow        |        Will Not Grow

You listed some of the children's' names on the chart. The children
predicted if the plant would grow. You then asked the children
to predict what would happen to the "No Water" plant in ten
days. Following the completion of the chart you tallied the
student responses.

The children went back to their seats to record (draw) what would
happen to both plants.

YJB 00409

Page 2
Ms. Jean-Baptiste – Observation

Two children shared their work  You collected the papers.

At our Post-Observation Conference, we discussed the following:

- o  I had suggested that you revise the lesson plan.  The plan was not clear and did not include any link to the student's prior knowledge.  You did not revise the lesson.

- o  The materials for the lesson were prepared in advance. The charts were clearly written.  The plants were attractive.

- o  When you called on children during the lesson, if they did not want to respond, you did not encourage them. You must encourage all children to participate.

- o  When the children were making predictions, you did not encourage conversation.  For example, when a child said "it will go to sleep" you just accepted the response.  In Kindergarten, we must constantly work on expanding student's language and thinking skills.

- o  When you made the tally chart, it did not reflect everyone's responses.  There were children who did not respond.  We discussed the fact that every child should have responded.  Furthermore, we discussed that it was a good idea to use a tally chart but all of the children needed to be included.  1:1 correspondence must be shown.

- o  When the ESL students returned to class, you told them to read a library book.  You could have worked with them briefly while the others worked independently.

At our Post-Observation Conference, you requested that a science lesson be modeled for you.  I will arrange for the science cluster to model a lesson.  We will observe the lesson together and then discuss it.

YJB 00410

Page 3
Ms. Jean-Baptiste – Observation

I will observe you again after this demonstration lesson.

This was an unsatisfactory lesson.

Very truly yours,

Dr. Dina Koski
Principal

I have read the above lesson and understand that the above letter
will be placed in my file.

Under Protest
Over

_____
Yvrose Jean-Baptiste

**Exhibit FFF**

P.S. 26 Queens
195-02 69th Avenue
Fresh Meadows, New York 11365
(718) 464-4505
Fax 718-464-4644

**Dr. Dina Koski, Principal**               **Mrs. Debra Gershman, Assistant Principal**

January 7, 2008

Ms. Yvrose Jean-Baptiste
Teacher of K-104

Dear Ms. Jean-Baptiste:

As per our conversation at the Post-Observation Conference, December 10th, I am requesting that you observe Ms. Greenberg on Thursday, January 10th during your science prep. Mrs. Gershman and I will observe with you.

Sincerely,


Dr. Koski
Principal

**Exhibit GGG**

 **THE NEW YORK CITY DEPARTMENT OF EDUCATION**
**JOEL I. KLEIN,** *Chancellor*

Office of Equal Opportunity

May 6, 2005

Ms. Yvrose Jean-Baptiste
198-20 Epsom Course
Holliswood, NY 11423-1302

OEO #04-05-12-07-02otd

Dear Ms. Jean-Baptiste:

The Office of Equal Opportunity (OEO) is in receipt of your complaint. After careful review, OEO has determined that the issues raised are not within its jurisdiction as the allegations do not sufficiently establish unlawful discrimination pursuant to Chancellor's Regulation A-830. The school officials' assessment of your performance and time and attendance matters are best addressed by your union. Based on the foregoing, your OEO case is closed.

If you have any questions, you may contact Michael J. Valente, Esq., Equal Opportunity Complaint Officer at (718) 935-3319.

Sincerely,

Christine J. Kicinski, Esq.
Interim Acting Director

CJK:mjv

65 Court Street • Suite 923 • Brooklyn, New York 11201 • Tel. (718) 935-3320 • Fax (718) 935-3775

OEO0003

**Exhibit HHH**

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

YVROSE JEAN BAPTISTE

                        Complainant

           v.

NEW YORK CITY DEPARTMENT OF EDUCATION,
COMMUNITY DISTRICT-

                       Respondent

**VERIFIED COMPLAINT**
Pursuant to Executive
Law, Article 15

Case No.
**10106010**

Federal Charge No. 16GA503585

      I, Yvrose Jean Baptiste, residing at 198-20 Epsom Course,
Hollis, NY, 11423, charge the above named respondent, whose
address is 52 Chambers Street, Room 308, New York, NY, 10007
with an unlawful discriminatory practice relating to employment
in violation of Article 15 of the Executive Law of the State of
New York (Human Rights Law) because of race/color, national
origin.

      Date most recent or continuing discrimination took place is
2/3/2005.

      The particulars are:

1.    SEE ATTACHED

Based on the foregoing, I charge respondent with an unlawful
discriminatory practice relating to employment because of
race/color, national origin, in violation of the New York State
Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title
VII of the Civil Rights Act of 1964, as amended (covers race,
color, creed, national origin, sex relating to employment).  I
hereby authorize SDHR to accept this verified complaint on
behalf of the U.S. Equal Employment Opportunity Commission
(EEOC) subject to the statutory limitations contained in the
aforementioned law(s).

SDHR0008

NEW YORK STATE EXECUTIVE DEPARTMENT
DIVISION OF HUMAN RIGHTS
------------------------------------------X
YVROSE JEAN-BAPTISTE,

                              Complainant,

          vs.

NEW YORK CITY DEPARTMENT OF EDUCATION,
COMMUNITY DISTRICT 26, P.S. 26, DR. DINA
FOSKI, Individually and in her Capacity
as Principal of P.S. 26, and DEBRA GERSH-
MAN, Individually and in her Capacity as
Assistant Principal of P.S. 26,

                              Respondents.

Federal Charge No. 10GA303585
------------------------------------------X
STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NASSAU         )

RECEIVED

JUN

REGION IA

**CHARGE OF
DISCRIMINATION**
10GWC10

RECEIVED

MAY 3 1 2005

NYS DIVISION OF HUMAN RIGHTS,
LONG ISLAND OFFICE

     YVROSE JEAN-BAPTISTE, first being duly sworn, hereby deposes and says as follows:

     1.   I am the complainant in the above captioned charge of discrimination, as such I am fully familiar with the facts and circumstances of this matter and I make this charge of discrimination against the respondents NEW YORK CITY DEPARTMENT OF EDUCATION, COMMUNITY DISTRICT 26, P.S. 26, DR. DINA KOSKI, and DEBRA GERSHMAN.

     2.   I reside at 108-20 Epsom Course, Hollis, New York.

     3.   Upon information and belief, the principal place of business of the respondent NEW YORK CITY DEPARTMENT OF EDUCATION is 52 Chambers Street, New York, New York.

SDHR0009

4. Upon information and belief, the principal place of business of the respondent COMMUNITY DISTRICT 26 is 61-15 Oceania Street, Bayside, New York.

5. Upon information and belief, the principal place of business of the respondent P.S. 26, DR. DINA KOSKI and DEBRA GERSHMAN is 195-02 69th Avenue, Fresh Meadows, New York.

6. I am brown skinned and of African and Haitian descent.

7. The respondent NEW YORK CITY DEPARTMENT OF EDUCATION, upon information and belief, is a public corporation or other entity, duly organized and existing under the laws of the State of New York.

8. The respondent COMMUNITY DISTRICT 26, upon information and belief, is a public corporation or other entity, duly organized and existing under the laws of the State of New York.

9. The respondent P.S. 26, upon information and belief, is a public corporation or other entity, duly organized and existing under the laws of the State of New York.

10. The respondent DR. DINA KOSKI (hereinafter Koski), upon information and belief, is of Caucasian descent and at all times relevant was the Principal of P.S. 26 and an employee and agent of the respondents NEW YORK CITY DEPARTMENT OF EDUCATION, COMMUNITY DISTRICT 26, and P.S. 26.

11. The respondent DEBRA GERSHMAN (hereinafter Gershman), upon information and belief, is of Caucasian descent and at all

SDHR0010

2

times relevant was the Assistant Principal of P.S. 26 and an employee and agent of the respondents NEW YORK CITY DEPARTMENT OF EDUCATION, COMMUNITY DISTRICT 26, and P.S. 26.

12.    I commenced my employment with the respondent NEW YORK CITY DEPARTMENT OF EDUCATION in or about January 1990 as an early child hood teacher.  My responsibilities were to instruct Young children academically and socially.  I always performed my responsibilities in a satisfactory, if not exemplary manner.

13.    In or about May 2003, I applied to the NEW YORK CITY DEPARTMENT OF EDUCATION for a transfer to COMMUNITY DISTRICT 26. My application was granted and in or about June 2003 I was transferred to P.S. 26 in the said district.   As set forth above, the respondent Koski was the Principal and the respondent Gershman was the Assistant Principal of the said school in the said district.

14.    Before my arrival at P.S. 26, Koski called me to persuade me not to accept the transfer.  Upon my arrival in September 2003, I was subjected to pattern of disparate treatment by the respondents as evidenced by incidents including, but not limited to, the following:

    a)    The respondents refused to assign me to an early childhood education class for three (3) months;

    (b)   I am frequently subjected to unannounced "observation" by the respondents.  The observations are disruptive,

SDHR0011

humiliating, and designed to intimidate me. Upon information and belief, the observations violate the collective bargaining agreement between my union (the United Federation of Teachers) and the respondents;

(c) Koski frequently calls me while I am instructing my class and asks me to have my students bring their homework notebooks to her;

(d) In or about October 2004, the respondent Koski called me while I was instructing my class and asked me to have one of my seven (7) year old students deliver my plan book to her. Shortly thereafter, she called and asked me to have two of my students to bring their homework notebooks to her. Later that day I found my plan book under a table in the school copy room;

(e) Koski frequently calls me while I am instructing my class and asks me to have my students to bring their homework notebooks to her;

(f) The respondents routinely make disparaging comments about me in the presence of other teachers, parents whose children attend the school, and the students in my class;

(g) I am subjected to discriminatory evaluations.

15. The most recent act discrimination occurred on or about February 3, 2005.

SDHR0012

4

In. No similarly situated teacher at P.S. 46 who is of Caucasian descent was treated by the respondents in this manner.

17. Based on the foregoing, I believe that I have been the subject of a continuing pattern of discrimination by the respondents on the basis of my race, color, and national origin in violation of the New York State Human Rights Law, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

18.  I want:

(a)  to have my within charge of discrimination dully filed with the United States Equal Employment Opportunity and assigned a federal charge number;

(b)  the respondents to be enjoined from engaging in any further acts of discrimination against me on the basis of my race, color, and national origin;

(c)  to be compensated for the economic, emotional, and psychological harm, humiliation, embarrassment, and inconvenience caused by the said discriminatory acts and omissions of the respondents; and

(d)  such other and further relief as the New York State Division Human Rights and/or Equal Employment Opportunity Commission deems just and

SDHR0013

proper.

YYROSE JEAN-BAPTISTE

Sworn to before me this
13th day of May 2005

NOTARY PUBLIC

VALERIE A HAWKINS
Notary Public, State of New York
Nassau County No. 02HA4932293
Commission Expires Feb. 24, 2006

SDHR0014

-6-

# Exhibit III

# STATE OF NEW YORK
## EXECUTIVE DEPARTMENT
# DIVISION OF HUMAN RIGHTS

---

## INTER-OFFICE MEMORANDUM

TO:    Files

REGION: Lower Manhattan

FROM:  William Lamot
       Regional Director

DATE:   APR 2 5 2007

SDHR CASE NO: 10106010-05-E-RN-E

Federal Charge No. 16GA503585

SUBJECT:  Yvrose Jean Baptiste v. New York City Department of
          Education, Community District-

### FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

## I.   CASE SUMMARY

This is a verified complaint, filed by complainant, Yvrose
Jean Baptiste, on May 31, 2005.  The complainant who is a brown
skinned individual of African and Haitian ancestry, charges the
respondent with unlawful discriminatory practices in relation to
employment because of race/color, national origin.

## II.  SUMMARY OF INVESTIGATION

Complainant's Position:

The complainant is a brown skinned individual of African
and Haitian ancestry, and alleges that she has been
discriminated against by respondent, New York City Department of
Education.

Complainant commenced employment with respondent in January
1990 as an early childhood teacher. Her responsibilities
encompassed instructing young children academically and
socially. Complainant states that she performed her duties in a
satisfactory if not exemplary manner.

In May of 2003, complainant applied for a transfer to

Community District 26 (PS 26). This request was granted, and in June of 2003 the transfer was effectuated. Dina Koski was the principal of this school, and Debra Gershman was the assistant principal. Complainant states that each of these individuals were Caucasian.

Complainant states that before she arrived at PS 26, Koski called her and tried to persuade her not to accept the transfer. Complainant states that subsequent to her arrival at PS 26, she was subject to a pattern of disparate treatment by respondent. Complainant points out that the respondents did not follow the collective bargaining agreement (CBA) and refused to assign complainant to an early childhood education class for three months. Complainant alleges that according to the CBA, her request for an early childhood education class should have been granted based on her seniority and level of experience. Furthermore, complainant alleges that she was subjected to unannounced observations by the respondents which she felt were disruptive, humiliating, and designed to intimidate her. Complainant alleges that respondents were scrutinizing her performance, and also that they made disparaging comments about her in the presence of other teachers and parents. Moreover, complainant states that she was subjected to discriminatory evaluations. Complainant states that no Caucasian teachers at this school were treated in this manner. Furthermore, complainant alleges that respondent referred to complainant as a paraprofessional disparaging her credentials.

Respondent's Position:

Respondent denies that complainant was discriminated against for any reason. The position posting that complainant responded to was for an elementary school teacher and not limited to an early childhood teacher. Respondent states that principal Koski did not attempt to dissuade complainant from accepting the transfer, and points out that it would not be in Koski's best interest to do so as it would keep her school from attaining the mandated level of racial balance.

Respondent admits that complainant was not assigned to an early childhood class for the first three months of the school year. She was initially assigned to a fifth grade class and then took over an early childhood class in November, 2003. Complainant worked with the original teacher of this class for two weeks to become familiar with the students and the routines. Respondent alleges that the CBA states that teachers should be

SDHR0025

given an opportunity to fill out preference sheets indicating three preferences in order of priority of grade level and type of class on that level…with the understanding that, where advisable and possible such preferences will be honored. Thus, respondent was following the dictates of the CBA when she placed the teachers already assigned to her school prior to placing complainant, who was assigned to her school over the summer.

Respondent's state that since complainant was new to Principal Koski's school, it was Koski's responsibility to evaluate her competency as a teacher. As such, their supervision of complainant was routine academic procedure used to assess her performance. In November of 2004, respondent noted deficiencies in complainant's performance which were brought to complainant's attention. Specifically, complainant failed to follow certain mandated structure and time elements in her lessons. On January 12, 2005 complainant's grievance concerning letters placed in her file that were unfair and inaccurate was dismissed. Also, complainant was late for a parent-teacher conference. In December, complainant arrived late for a grade conference and was advised that this could lead to further disciplinary action. Respondent avers that their observation of complainant was done void of any discriminatory animus. Respondent points out that there were four Black teachers at PS 26 in the 2004-2005 school year, including complainant, and all received a satisfactory rating. Furthermore, respondent alleges that a typographical/spacing error inadvertently placed complainant in a column entitled paraprofessional as evidenced by other correspondence to all of the parents at the school stating that complainant was a new teacher.

Investigator's Observations:

Respondent answered the allegations of the complainant in the form of a denial on February 1, 2006. Respondent stated that there was no discrimination directed towards complainant, and that as a new teacher at the school she was subject to a higher level of scrutiny. On March, 28, 2006, complainant submitted her rebuttal to the answer of respondent averring that the respondent has submitted her medical records to the Division without her permission. Complainant goes on to state that she performed her duties in a satisfactory manner as evidenced by the satisfactory evaluation she received for the 2004-2005 school year. On April 26, 2006, the Division interviewed Susan Holtzman, the attorney for respondent. Ms. Holtzman stated that complainant received counseling memos, an observation letter, and that her final performance evaluation was satisfactory. The

SDHR0026

- 3 -

comparative data indicated that there were four Black teachers at PS 26, including complainant and one teacher on sabbatical, and that all four received satisfactory evaluations. Complainant appears to be the only teacher of Haitian descent.

On May 17, 2006, the Division conducted a two party conference between Ms. Baptiste and respondent. The complainant reiterated that she was told by principal Koski not to accept the transfer. This transpired on June 11, 2003. Complainant claimed to have a letter with respect to her teaching duties but did not produce it. She stated that it would be faxed to the Division that afternoon. This letter, which respondent claims contains a typographical error listing complainant as a "para" or para-professional, arrived on May 19, 2006. With respect to the alleged disparaging comments, these were generic comments and were not disparaging. Complainant stated that there were no racial or ethnic statements made. With respect to what complainant claimed was the most recent discriminatory act, which occurred on February 3, 2005, complainant did not recall what happened or what was said that day. It is noteworthy that the complainant actually napped during part of this conference.

On December 11, 2006, complainant submitted a rebuttal in writing. Complainant continues to reiterate that she was not initially placed in an early childhood education class due to her race/color and national origin. Complainant alleges that respondent made disparaging remarks about her accent. Finally, complainant reasserts her allegation that respondent caused her harm in referring to her as a "para" or paraprofessional.

Submitted by:   _Richard R Polomski_

Richard Polomski
HRSI

## III. BASIS FOR DETERMINATION

There exists insufficient evidence of discriminatory conduct to sustain a finding of probable cause in this case.

The parties are in general agreement as to the facts and dates that form the nexus of this complaint. The core question which the Division addresses is whether complainant was discriminated against due to her race/color and national origin.

SDHR0027

- 4 -

The evidence presented by the parties suggests that such conduct
to which complainant may have been subjected does not
sufficiently constitute adverse action against the status of
complainant's employment cognizable under the applicable
statutes, as interpreted in the decisional law.

Complainant transferred voluntarily to the respondent
school, PS 26, at the end of the 2003 school year. Complainant
transferred to PS 26 pursuant to an Integration Transfer. This
is a voluntary transfer, by a teacher, to a school that has an
advertised vacancy where, pursuant to the annual Federal Ethnic
Census Report, the school is not meeting the Department's
guidelines for integration. As a result, the school must accept
the assignment of teachers who will have a positive effect on
the staff's racial balance. In the Fall of 2003, complainant
commenced employment at PS 26.

Complainant states that her preference to teach an early
childhood education class was ignored despite her
qualifications. Respondent contends that it is within the
discretion of the principal to determine, where advisable and
possible such preferences will be honored.  It is not within the
power of the Division to interpret the CBA governing the actions
of the parties.  This issue should be determined by the Union
representative and the Board of Education.  Complainant does not
proffer any evidence that respondent's decision was made with
any discriminatory animus.

Complainant states that respondent's agents, the principal
and vice-principal of PS 26, subjected her to rigorous scrutiny
that other teachers were not subjected to. Respondent does not
deny this heightened scrutiny, but states that it was due to
complainant having been new to the school.  As such, respondent
needed to evaluate her teaching performance.  On January 12,
2005 complainant's grievance concerning letters placed in her
file that were unfair and inaccurate was dismissed.
Complainant's grievance was dismissed due to the fact that
respondent followed the dictates of the CBA in observing
complainant's in class teaching performance.  Furthermore, there
were three other Black teachers at PS 26 at the time in
question. The comparative data shows that all three of these
teachers received satisfactory evaluations at the end of the
school year.

There is not a statistically sufficient sample of
individuals of the same National Origin to prove respondent's
actions were motivated by complainant's National Origin, based

SDHR0028

- 5 -

upon the comparative data made available to the investigation by the parties, in acknowledgement of the reality that national origin data are not customarily maintained by employers.

Further at issue was a purported letter prepared by respondent wherein complainant was listed as a "para" or paraprofessional. In response, the respondent stated that this was a typographical error, and submitted to the Division a similar letter issued September 8, 2003, welcoming complainant to the school as a fifth grade teacher. Additionally, respondent submitted a second letter dated November 14, 2003, apprising parents of second graders that complainant would be replacing a teacher who was going out on maternity leave. As such, the Division finds the explanation rendered by respondent with respect to the erroneous listing of complainant as "para" to be plausible. It is noted that complainant did not suffer any diminution of salary or benefits during this period.

Complainant initially did not allege that respondent made any disparaging remarks at her expense. At fact-finding conference complainant's statements were equivocal as to whether such disparaging comments as may have been made were related to her race/color or national origin, being confined to her strained recollection of remarks concerning speech pattern(s) uniquely characteristic neither of any particular race/color or national origin(s). On December 11, 2006 complainant alleged that respondent made disparaging remarks, which is contradictory to her initial complaint and statements proffered at a two party conference held on May 17, 2005. Based on the evidence presented and complainant's prior statement that respondent never made a specific racially- or ethnically-charged statement, there is no evidence that respondent made discriminatory remarks sufficiently severe or pervasive to substantiate a finding that respondent created or condoned a working environment so hostile that neither complainant nor any reasonable employee who found herself in such a position should not be expected to continue working under such conditions.

Reviewed & Approved: _Carmen Acosta_____

Carmen Acosta
Human Rights Specialist II

SDHR0029

## IV.  DETERMINATION

Based on the foregoing, I find No Probable Cause to support the allegations of the complaint.

Leon Dimaya
Regional Director

SDHR0030

- 7 -

**Exhibit JJJ**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

YVROSE JEAN BAPTISTE,

                              Complainant,

            v.

NEW YORK CITY DEPARTMENT OF EDUCATION,
COMMUNITY DISTRICT-,

                              Respondent.

---

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10106010

Federal Charge No. 16GA503585

        On 5/31/2005, Yvrose Jean Baptiste filed a verified
complaint with the New York State Division of Human Rights
("Division") charging the above-named respondent with an
unlawful discriminatory practice relating to employment because
of race/color, national origin in violation of N.Y. Exec. Law,
art. 15 (Human Rights Law).

        After investigation, and following opportunity for review
of related information and evidence by the named parties, the
Division has determined that there is NO PROBABLE CAUSE to
believe that the respondent has engaged in or is engaging in the
unlawful discriminatory practice complained of.  This
determination is based on the following:

        There exists insufficient evidence of discriminatory
conduct to sustain a finding of probable cause in this case.

        The parties are in general agreement as to the facts and
dates that form the nexus of this complaint. The core question
which the Division addresses is whether complainant was
discriminated against due to her race/color and national origin.
The evidence presented by the parties suggests that such conduct
to which complainant may have been subjected does not
sufficiently constitute adverse action against the status of
complainant's employment cognizable under the applicable
statutes, as interpreted in the decisional law.

        Complainant transferred voluntarily to the respondent
school, PS 26, at the end of the 2003 school year. Complainant

SDHR0002

transferred to PS 26 pursuant to an Integration Transfer. This is a voluntary transfer, by a teacher, to a school that has an advertised vacancy where, pursuant to the annual Federal Ethnic Census Report, the school is not meeting the Department's guidelines for integration. As a result, the school must accept the assignment of teachers who will have a positive effect on the staff's racial balance. In the Fall of 2003, complainant commenced employment at PS 26.

Complainant states that her preference to teach an early childhood education class was ignored despite her qualifications. Respondent contends that it is within the discretion of the principal to determine, where advisable and possible such preferences will be honored.  It is not within the power of the Division to interpret the CBA governing the actions of the parties.  This issue should be determined by the Union representative and the Board of Education.  Complainant does not proffer any evidence that respondent's decision was made with any discriminatory animus.

Complainant states that respondent's agents, the principal and vice-principal of PS 26, subjected her to rigorous scrutiny that other teachers were not subjected to. Respondent does not deny this heightened scrutiny, but states that it was due to complainant having been new to the school.  As such, respondent needed to evaluate her teaching performance.  On January 12, 2005 complainant's grievance concerning letters placed in her file that were unfair and inaccurate was dismissed. Complainant's grievance was dismissed due to the fact that respondent followed the dictates of the CBA in observing complainant's in class teaching performance.  Furthermore, there were three other Black teachers at PS 26 at the time in question. The comparative data shows that all three of these teachers received satisfactory evaluations at the end of the school year.

There is not a statistically sufficient sample of individuals of the same National Origin to prove respondent's actions were motivated by complainant's National Origin, based upon the comparative data made available to the investigation by the parties, in acknowledgement of the reality that national origin data are not customarily maintained by employers.

Further at issue was a purported letter prepared by respondent wherein complainant was listed as a "para" or paraprofessional. In response, the respondent stated that this was a typographical error, and submitted to the Division a similar letter issued September 8, 2003, welcoming complainant to the school as a fifth grade teacher.  Additionally, respondent submitted a second letter dated November 14, 2003.

SDHR0003

apprising parents of second graders that complainant would be replacing a teacher who was going out on maternity leave. As such, the Division finds the explanation rendered by respondent with respect to the erroneous listing of complainant as "para" to be plausible. It is noted that complainant did not suffer any diminution of salary or benefits during this period.

Complainant initially did not allege that respondent made any disparaging remarks at her expense. At fact-finding conference complainant's statements were equivocal as to whether such disparaging comments as may have been made were related to her race/color or national origin, being confined to her strained recollection of remarks concerning speech pattern(s) uniquely characteristic neither of any particular race/color or national origin(s). On December 11, 2006 complainant alleged that respondent made disparaging remarks, which is contradictory to her initial complaint and statements proffered at a two party conference held on May 17, 2005. Based on the evidence presented and complainant's prior statement that respondent never made a specific racially- or ethnically-charged statement, there is no evidence that respondent made discriminatory remarks sufficiently severe or pervasive to substantiate a finding that respondent created or condoned a working environment so hostile that neither complainant nor any reasonable employee who found herself in such a position should not be expected to continue working under such conditions.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

SDHR0004

Dated:   APR 2 5 2007
         New York, New York

                              STATE DIVISION OF HUMAN RIGHTS

                    By: _____
                        Leon Dimaya
                        Regional Director

**Exhibit KKK**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Yvrose J. Baptiste**<br>**198-20 Epsom Course**<br>**Hollis, NY 11423** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2005-03585** | **Holly M. Woodyard,**<br>**Investigator** | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____

**Spencer H. Lewis, Jr.,**
**Director**

6/7/07

*(Date Mailed)*

Enclosures(s)

cc:  **CITY OF NEW YORK, DEPT OF EDUCATION**
**52 Chambers Street, Room 308**
**New York, NY 10007**
**Attn: Susan W. Holtzman, Esq.**

Valerie A. Hawkins, Esq.
175 Fulton Ave. Suite 306
Hempstead, NY. 11550

**Exhibit LLL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

YVROSE JEAN-BAPTISTE,                                   **CV 07  3535**

                  Plaintiff,                 Civil Action No.:

                                              **BLOCK**

            -against-                              <u>COMPLAINT</u>

NYC DEPARTMENT OF EDUCATION,                          <u>JURY TRIAL DEMANDED</u>
P.S. 26,
DINA KOSKI, Officially and Individually,
DEBRA GERSHMAN, Officially and Individually
UNITED FEDERATION OF TEACHERS, Local 2
                                            **FILED**
                                    IN CLERK'S OFFICE
                    Defendants.        U.S. DISTRICT COURT E.D.N.Y.
-------------------------------------------------X          ★  AUG 23 2007  ★

                                        BROOKLYN OFFICE

Plaintiff by her attorney, **DAVID C. WIMS**, complaining of Defendants, alleges:

<u>**JURISDICTION AND VENUE**</u>

(1) This action is brought to remedy discrimination on the basis of race, color and/or national origin in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII and similar laws all in violation of, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended, <u>42 U.S.C. § 2000e</u> *et seq.* ("Title VII"), the Civil Rights Act of 1866, <u>42 U.S.C. § 1981</u>, as amended ("1981"); the New York State Human Rights Law ("NYSHRL") and the NYC Human Rights Law ("NYCHRL").

(2) Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to <u>42 U.S.C. § 2000e (f)</u> and (g), 1981, the NYSHRL and the NYCHRL.

(3) Plaintiff Yvrose Jean-Baptiste ("Jean-Baptiste" or "Plaintiff"), a black female of Haitian descent and a resident of the State of New York, dual filed a charge of discrimination against Defendants with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") on or about June 2005, complaining of the acts of race, color and national origin discrimination alleged herein.

(4) On June 7, 2007, more than 180 days having elapsed since the filing of her charge, the EEOC issued plaintiff a notice informing her of her right to sue Defendants in federal court. (Attached as Exhibit "A")

1

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.  Supplemental jurisdiction of the claims under NYSHRL and NYCHRL is invoked pursuant to 28 U.S.C. § 1367.

(6) As the unlawful employment practices complained of herein occurred within the Eastern District of New York, venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(a).

## PARTIES

(7) Plaintiff has been and is employed by the New York City Department of Education ("DOE") for over seventeen (17) years as a school teacher at various schools in varying capacities and currently at P.S. 26 in Fresh Meadows, NY.

(8) Defendant DOE, upon information and belief, is a public entity duly organized and existing under the laws of the State of New York.  Defendant P.S. 26 is a public school of DOE and Defendants Dina Koski and Debra Gershman, at all times herein relevant, are and were the Principal and Assistant Principal, respectively, of P.S. 26.  Defendants Koski and Gershman are sued in both their official and individual capacities.  Defendant United Federation of Teachers ("UNION") is the labor organization acting as exclusive representative of Plaintiff and other similarly-situated employees of DOE, of which Plaintiff was and is a member.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9) Plaintiff was hired by DOE as an Early Childhood Teacher in 1990. Pursuant to an integration policy of DOE, and as a result of a racial imbalance in the staff of Defendant P.S. 26, on or about May 2003, she was transferred to Defendant P.S. 26 in part to provide racial balance to the school's staff.  Throughout her employment, Plaintiff distinguished herself professionally.

(10) Just prior to Jean-Baptiste's arrival, Defendant Koski called her to persuade her not to accept the transfer.  Shortly after Jean-Baptiste transferred to P.S. 26, Defendants Koski and Gershman (collectively, "supervisors") subjected her to race, color and/or national origin disparate treatment and harassment, including refusing to assign her appropriately, frequent unannounced observations, inspecting her students' assignments and character assassination, *inter alia*. Similarly situated comparators were not treated this way by Defendants.

(11) Jean-Baptiste made numerous complaints about her supervisors' harassment to Defendants Koski and Gershman, to DOE's Office of Equal Opportunity and to Defendant UNION, to no avail.  She also asked the UNION to file a 'special complaint,' which it refused to do.

2

(12) Plaintiff, however, continued to suffer the effects of having complained about the harassment. Despite the fact that she was highly qualified for the position, she was subjected to intense scrutiny by her supervisors.

(13) Plaintiff also filed grievances about her supervisors' conduct that were heard in the first instance by Defendant Koski.

(14) On or about November 2005, Plaintiff took leave from work due to conditions caused or exacerbated by the harassment.  She was subsequently deemed unable to return by her medical providers and took health sabbatical in January 2006.

(15) Because of the continuing, severe and pervasive pattern of discrimination and retaliation, Jean-Baptiste continues to suffer adverse health effects, *inter alia*.

## FIRST CAUSE OF ACTION

(16) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint with the same force and effect as if set forth herein.

(17) Defendants DOE, Koski and Gershman have discriminated against plaintiff in the terms and conditions of her employment on the basis of her race, color and/or national origin in violation of Title VII, the NYSHRL and the NYCHRL.

(18) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

(19) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this Complaint with the same force and effect as if set forth herein.

(20) Defendants DOE, Koski and Gershman have retaliated against Plaintiff on the basis of her having complained of discrimination, in violation of Title VII, 1981, the NYSHRL and the NYCHRL.

(21) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

(22) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as if set forth herein.

3

(23) The above acts and practices of Defendants DOE, Koski, Gershman and UNION constitute unlawful discriminatory practices within the meaning of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

(24) As a result of Defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION

(25) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein.

(26) Defendants DOE, Koski and Gershman violated Plaintiff's due process rights as embodied in the Constitution of the United States, Amendment XIV, as made applicable to them by 42 U.S.C. § 1983; and in the Constitution of the State of New York.

(27) As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION

(28) Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth herein.

(29) Defendants DOE, Koski and Gershman violated Plaintiff's equal protection rights as embodied in the Constitution of the United States, Amendment XIV, as made applicable to them by 42 U.S.C. § 1983; and in the Constitution of the State of New York.

(30) As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

4

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:
(a) Declaring that the acts and practices complained of herein are in violation of Title VII, 1981, the NYSHRL and the NYCHRL;

(b) Enjoining and permanently restraining these violations;

(c) Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment;

(d) Awarding plaintiff compensatory and punitive damages;

(e) Awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

(f) Granting such other and further relief as this Court deems necessary and proper.


## DEMAND FOR A TRIAL BY JURY

Pursuant to **Rule 38(b) of the Federal Rules of Civil Procedure**, plaintiff demands a trial by jury in this action.


Dated:  Brooklyn, New York

August 22, 2007

DAVID C. WIMS, ESQ. (DW-6964)
Attorney for Plaintiff
229 East 95th St., # 1R
Brooklyn, NY 11212
(917) 971-7339

5

**EXHIBIT A**

**EXHIBIT A**

EEOC Form 161 (3/98)

## U. EQUAL EMPLOYMENT OPPORTUNITY C MISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Yvrose J. Baptiste<br>198-20 Epsom Course<br>Hollis, NY 11423 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2005-03585 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back  ue for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On  alf of the  Commission

Spencer H. Lewis, Jr.,
Director

6/7/07
*(Date Mailed)*

Enclosures(s)

cc:   CITY OF NEW YORK, DEPT OF EDUCATION          Valerie A. Hawkins, Esq.
      52 Chambers Street, Room 308                 175 Fulton Ave. Suite 306
      New York, NY 10007                           Hempstead, NY. 11550
      Attn: Susan W. Holtzman, Esq.

**Exhibit MMM**

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:07−cv−03535−FB−CLP

Jean−Baptiste v. NYC Department of Education et al
Assigned to: Senior−Judge Frederic Block
Referred to: Magistrate−Judge Cheryl L. Pollak
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 08/23/2007
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Yvrose Jean−Baptiste**                    represented by **David C. Wims**
Law Office of David Wims
1430 Pitkin Avenue
2nd Floor
Brooklyn , NY 11233
646−393−9550
Fax: 646−393−9552
Email: davidwims@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**NYC Department of Education**              represented by **Andrea Mary O'Connor**
New York City Law Department
100 Church Street
Room 2−103
New York , NY 10007
212−676−2750
Fax: 212−788−8877
Email: aoconnor@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**P.S. 26**
*TERMINATED: 01/24/2008*

**Defendant**

**Dina Koski**                               represented by **Andrea Mary O'Connor**
*Officially and Individually*                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Debra Gershman**                           represented by **Andrea Mary O'Connor**
*Officially and Individually*                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United Federation of Teachers**            represented by **Eric W. Chen**
*Local 2*                                    James R. Sandner
*TERMINATED: 01/24/2008*                     52 Broadway
9th floor
New York , NY 10004
(212)533−6300
Fax: (212)995−2347
Email: echen@nysutmail.org

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2007 | 1 | COMPLAINT against NYC Department of Education, P.S. 26, Dina Koski, Debra Gershman, United Federation of Teachers $ 350, filed by Yvrose Jean–Baptiste. (Attachments: #1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 08/24/2007) |
| 08/23/2007 | | Summons Issued as to NYC Department of Education, P.S. 26, Dina Koski, Debra Gershman, United Federation of Teachers. (Bowens, Priscilla) (Entered: 08/24/2007) |
| 09/28/2007 | 2 | NOTICE of Appearance by Andrea Mary O'Connor on behalf of NYC Department of Education (aty to be noticed) (O'Connor, Andrea) (Entered: 09/28/2007) |
| 09/28/2007 | 3 | Letter MOTION for Extension of Time to File Answer by NYC Department of Education. (O'Connor, Andrea) (Entered: 09/28/2007) |
| 10/01/2007 | 4 | ENDORSED LETTER ORDER granting 3 Motion for Extension of Time to Answer until 10/26/07. Ordered by Judge Cheryl L. Pollak on 10/1/07. (Caggiano, Diana) (Entered: 10/01/2007) |
| 10/03/2007 | 5 | NOTICE of Appearance by Eric W. Chen on behalf of United Federation of Teachers (aty to be noticed) (Chen, Eric) (Entered: 10/03/2007) |
| 10/04/2007 | 6 | Letter MOTION for Extension of Time to File Answer *until 11/2/2007* by United Federation of Teachers. (Chen, Eric) (Entered: 10/04/2007) |
| 10/04/2007 | 7 | ENDORSED LETTER ORDER granting 6 Motion for Extension of Time to Answer *until 11/2/2007* Ordered by Judge Cheryl L. Pollak on 10/4/07. (Caggiano, Diana) (Entered: 10/04/2007) |
| 10/10/2007 | 8 | SCHEDULING ORDER: An initial conference has been scheduled in the above–captioned case on **NOVEMBER 29, 2007 at 9:30 AM,** before the Honorable Cheryl L. Pollak. Ordered by Judge Cheryl L. Pollak on 10/10/07. (Caggiano, Diana) (Entered: 10/10/2007) |
| 10/26/2007 | 9 | NOTICE of Appearance by Andrea Mary O'Connor on behalf of Debra Gershman (aty to be noticed) (O'Connor, Andrea) (Entered: 10/26/2007) |
| 10/26/2007 | 10 | NOTICE of Appearance by Andrea Mary O'Connor on behalf of Dina Koski (aty to be noticed) (O'Connor, Andrea) (Entered: 10/26/2007) |
| 10/26/2007 | 11 | ANSWER to Complaint *by defendants NYC Department of Education, Dina Koski and Debra Gershman* by all defendants. (O'Connor, Andrea) (Entered: 10/26/2007) |
| 10/30/2007 | 12 | Letter *requesting Pre–Motion Conference* by United Federation of Teachers (Chen, Eric) (Entered: 10/30/2007) |
| 11/19/2007 | 13 | ELECTRONIC NOTICE A pre motion conference is schedule for January 4, 2008 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference, and then notify the Court which conducts these conference on Fridays at 11AM. (Innelli, Michael) (Entered: 11/19/2007) |
| 11/29/2007 | 14 | MINUTE ENTRY for Initial Conference proceeding before MJ Pollak on 11/29/2007. Plaintiff's counsel fails to appear on time. Conference adjourned and discovery stayed pending pre–motion conference before Judge Block. So Ordered. Magistrate Judge Cheryl L. Pollak. (Caggiano, Diana) (Entered: 11/29/2007) |

| 01/04/2008 | 15 | Minute Entry for proceedings held before Senior Judge Frederic Block: Pre Motion Conference held on 1/4/2008. All counsel present; anticipated motion discussed. The plaintiff will file an amended complaint in 20 days, since the school, P.S. 26, is not a suable entity. (Brucella, Michelle) (Entered: 01/09/2008) |
|---|---|---|
| 01/10/2008 | 16 | STIPULATION *of time to serve First Amended Complaint and Answers* by Yvrose Jean−Baptiste (Wims, David) (Entered: 01/10/2008) |
| 01/16/2008 | 17 | Letter *regarding Docket Sheet Document Number 16* by NYC Department of Education, Dina Koski, Debra Gershman (O'Connor, Andrea) (Entered: 01/16/2008) |
| 01/16/2008 | | ELECTRONIC NOTICE: In regards to defendant New York City's letter dated 1/16/08 objecting to the stipulation (entry 16) filed without their consent. Counsel shall file a fully executed (signed by all parties) stipulation as discussed at the pre−motion conference held on 1/4/08 before J. Block by January 25, 2008. There will be no formal notice mailed to counsel. (Innelli, Michael) (Entered: 01/16/2008) |
| 01/24/2008 | 18 | STIPULATION by NYC Department of Education, Dina Koski, Debra Gershman (O'Connor, Andrea) (Entered: 01/24/2008) |
| 01/24/2008 | | ELECTRONIC ORDER: Granting the stipulation 18 . There will be no formal signed stipulation mailed to counsel. Ordered by Senior Judge Frederic Block on 1/24/08. (Innelli, Michael) (Entered: 01/24/2008) |
| 01/24/2008 | 19 | AMENDED COMPLAINT *by Court order and stipulation of the parties* against NYC Department of Education, Dina Koski, Debra Gershman, filed by Yvrose Jean−Baptiste. (Attachments: # 1 Exhibit A) (Wims, David) (Entered: 01/24/2008) |
| 03/06/2008 | 20 | ANSWER to 19 Amended Complaint by NYC Department of Education, Dina Koski, Debra Gershman. (O'Connor, Andrea) (Entered: 03/06/2008) |
| 03/07/2008 | 21 | SCHEDULING ORDER: An initial conference has been scheduled in the above−captioned case on **MARCH 21, 2008 at 12:30 PM,** before the Honorable Cheryl L. Pollak. Ordered by Magistrate Judge Cheryl L. Pollak on 3/7/08. (Caggiano, Diana) (Entered: 03/07/2008) |
| 03/24/2008 | 22 | MINUTE ENTRY for Initial Conference proceeding held before MJ Pollak on 3/21/2008. Discovery schedule set − mandatory disclosures 4/4/08. Document requests and interrogatories to be exchanged 5/5/08; responses 6/6/08. Depositions by 7/18/08. Conference set for **7/30/08 @ 9:30 AM.** (Caggiano, Diana) (Entered: 03/24/2008) |
| 07/10/2008 | 23 | Letter MOTION for Extension of Time to Complete Discovery by Yvrose Jean−Baptiste. (Wims, David) (Entered: 07/10/2008) |
| 07/14/2008 | 24 | ENDORSED LETTER ORDER granting 23 Motion for Extension of Time to Complete Discovery. Conference adjourned to **9/5/08 @ 11:30 AM.** Ordered by Magistrate Judge Cheryl L. Pollak on 07/10/08. (Caggiano, Diana) (Entered: 07/14/2008) |
| 07/30/2008 | 25 | Letter MOTION for Extension of Time to Complete Discovery by Yvrose Jean−Baptiste. (Wims, David) (Entered: 07/30/2008) |
| 08/01/2008 | 26 | ENDORSED LETTER ORDER granting 25 Motion for Extension of Time to Complete Discovery by 9/4/08. Ordered by Magistrate Judge Cheryl L. Pollak on 8/1/08. (Caggiano, Diana) (Entered: 08/01/2008) |
| 08/28/2008 | 27 | Letter *regarding several outstanding discovery disputes* by NYC Department of Education, Dina Koski, Debra Gershman (O'Connor, Andrea) (Entered: 08/28/2008) |
| 09/05/2008 | 28 | MINUTE ENTRY for Status Conference proceeding held before MJ Pollak on 9/5/2008. Discovery issues raised in Defendants 8/28/08 letter 27 resolved: plaintiff to provide supplemental responses by 9/22/08, including verification and formal response to document requests. Plaintiff to produce |

| | | |
|---|---:|---|
| | | expert report by 9/22/08. Defendant to send letter indicating (1) whether expert deposition is needed; (2) whether defendants will produce own expert. Conference set for **11/21/08 @ 10:00 AM.** (Caggiano, Diana) (Entered: 09/05/2008) |
| 10/01/2008 | 29 | Letter *regarding the Court's September 5, 2008 Order* by NYC Department of Education, Dina Koski, Debra Gershman (O'Connor, Andrea) (Entered: 10/01/2008) |
| 10/02/2008 | 30 | ENDORSED LETTER ORDER re 29 RULING − Plaintiff is Ordered to provide: (1) medical releases; (2) responses to outstanding discovery requests; and (3) expert report(s) by 10/6/08 or show cause why sanctions should not be imposed for the failure to comply with the Court's prior discovery order in violation of Fed. R. Civ. P. 37. So Ordered by Magistrate Judge Cheryl L. Pollak on 10/2/08. (Caggiano, Diana) (Entered: 10/02/2008) |
| 10/20/2008 | 31 | Letter *Regarding Plaintiff's Expert Report* by NYC Department of Education, Dina Koski, Debra Gershman (O'Connor, Andrea) (Entered: 10/20/2008) |
| 11/19/2008 | 32 | Letter MOTION to Adjourn Conference by Yvrose Jean−Baptiste. (Wims, David) (Entered: 11/19/2008) |
| 11/19/2008 | 33 | ENDORSED LETTER ORDER granting 32 Motion to Adjourn Conference. Conference adjourned to **12/5/08 @ 3:00 PM.** So Ordered by Magistrate Judge Cheryl L. Pollak on 11/19/08. (Caggiano, Diana) (Entered: 11/19/2008) |
| 12/08/2008 | 34 | MINUTE ENTRY for Status Conference proceeding held before MJ Pollak on 12/5/2008. Discovery is complete. Plaintiff to convey settlement demand. Defendant to submit pre−motion conference letter by 1/9/09; response due 1/16/09. Plaintiff's draft pre−trial order due 2/13/09. Defendant's draft 3/20/09. Final to be filed 3/31/09. (Caggiano, Diana) (Entered: 12/08/2008) |
| 01/09/2009 | 35 | Letter MOTION for pre motion conference by NYC Department of Education, Dina Koski, Debra Gershman. (O'Connor, Andrea) (Entered: 01/09/2009) |
| 01/09/2009 | | Motions terminated, docketed incorrectly: THIS IS A LETTER APPLICATION FOR A PRE−MOTION CONFERENCE AND NOT A FORMAL MOTION. COUNSEL WILL RECEIVE AN ECF NOTICE ONCE A PRE−MOTION CONFERENCE IS SCHEDULED. 35 Letter MOTION for pre motion conference filed by Debra Gershman, NYC Department of Education, Dina Koski. (Innelli, Michael) (Entered: 01/09/2009) |
| 01/15/2009 | 36 | SCHEDULING ORDER: A pre motion conference is schedule for January 29, 2009 @ 11AM. There will be no formal order mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference, and then ECF a letter application. Ordered by Senior Judge Frederic Block on 1/15/2009. (Innelli, Michael) (Entered: 01/15/2009) |
| 01/16/2009 | 37 | Letter MOTION to Adjourn Conference *on consent* by Yvrose Jean−Baptiste. (Wims, David) (Entered: 01/16/2009) |
| 01/20/2009 | | ELECTRONIC ORDER: Plaintiff's letter application dated 1/16/09, with the consent of defense counsel is GRANTED. The pre−motion conference scheduled for January 29, 2009 is adjourned to February 13, 2009 at 11:00 A.M. There will be no formal order mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. Ordered by Senior Judge Frederic Block on 1/20/2009. (Innelli, Michael) (Entered: 01/20/2009) |

| 02/13/2009 | | Minute Entry for proceedings held before Senior Judge Frederic Block: David Wims, Esq. for the plaintiff and Andrea OConnor, Esq. for defendant NYC all present. Pre Motion Conference held on 2/13/2009. Defendant's anticipated motion for summary judgment discussed. The defendant's will make their motion according to J. Block's motion rules. Counsel's joint application to stay the filing of a joint pre−trial order until after the Court's decision on defendant's summary judgment motion is granted. (Court Reporter: Not Reported.) (Innelli, Michael) (Entered: 02/13/2009) |
|---|---|---|
| 02/20/2009 | <u>38</u> | Letter *regarding a briefing schedule for defendants' summary judgment motion* by NYC Department of Education, Dina Koski, Debra Gershman (O'Connor, Andrea) (Entered: 02/20/2009) |

**Exhibit NNN**

**NEW YORK CITY BOARD OF EDUCATION**
DIVISION OF PERSONNEL
OFFICE OF APPEALS AND REVIEWS
65 Court Street, Brooklyn, New York 11201
BE/DOP 9955B (5/87) pers 01   (Replaces OP 118)

**ANNUAL PROFESSIONAL PERFORMANCE REVIEW AND REPORT ON PROBATIONARY SERVICE OF PEDAGOGICAL EMPLOYEE**
(OTHER THAN SUPERVISOR, GUIDANCE COUNSELOR, SCHOOL SOCIAL WORKER, PSYCHOLOGIST, EDUCATIONAL EVALUATOR, SCHOOL SECRETARY)

| | FIRST YEAR | | | | SECOND YEAR | | | | THIRD YEAR | | | | DAYS IN C.A.R. | OR BOR- ROWED DAYS | SUBSTI- TUTE SERVICE NO OF DAYS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | TIMES NO. | TIME LOST | | | TIMES NO. | TIME LOST | | | TIMES NO | TIME LOST | | | | | |
| | | DAYS | HRS. | MIN | | DAYS | HRS. | MIN | | DAYS | HRS. | MIN | | | |
| LATENESS* | | | | | | | | | | | | | 17 days | | |
| ABSENCE* Exclude Non-Attendance | — | — | | | | | | | | | | | 20 min. | | |

* NOTE: For reports on probationers complete 1 to 3 years as applicable. For all other personnel use "First Year" to denote current year

## SECTION 1 - REPORT BY PRINCIPAL OR OTHER APPROPRIATE SUPERVISOR:

| COMMENTS (as checked, "NA" indicates "Not Applicable.") | SATIS- FACTORY | UNSATIS- FACTORY | ADDITIONAL COMMENTS |
|---|---|---|---|
| **A. PERSONAL AND PROFESSIONAL QUALITIES** | | | |
| 1. Attendance and punctuality | | | |
| 2. Personal appearance | | | |
| 3. Voice, speech and use of English | | | |
| 4. Professional attitude and professional growth | | | |
| 5. Resourcefulness and initiative | | | |
| **B. PUPIL GUIDANCE AND INSTRUCTION** | | | |
| 1. Effect on character and personality growth of pupils | | | |
| 2. Control of class | | | |
| 3. Maintenance of wholesome classroom atmosphere | | | |
| 4. Planning and preparation of work | | | |
| 5. Skill in adapting instruction to individual needs and capacities | | | |
| 6. Effective use of appropriate methods and techniques | | | |
| 7. Skill in making class lessons interesting to pupils | | | |
| 8. Extent of pupil participation in the class and school program | | | |
| 9. Evidence of pupil growth in knowledge, skills, appreciations and attitude | | | |
| 10. Attention to pupil health, safety and general welfare | | | |
| **C. CLASSROOM OR SHOP MANAGEMENT** | | | |
| 1. Attention to physical conditions | | | |
| 2. Housekeeping and appearance of room | | | |
| 3. Care of equipment by teacher and children | | | |
| 4. Attention to records and reports | | | |
| 5. Attention to routine matters | | | |
| **D. PARTICIPATION IN SCHOOL AND COMMUNITY ACTIVITIES** | | | |
| 1. Maintenance of good relations with other teachers and with supervisors | | | |
| 2. Effort to establish and maintain good relationships with parents | | | |
| 3. Willingness to accept special assignments in connection with the school program | ✓ | | |

E. ADDITIONAL REMARKS (additional sheets, signed and acknowledged may be attached):

## SECTION 2 - PERFORMANCE EVALUATION

| OVERALL EVALUATION  S, U, or D (D for first year probation only) | SIGNATURE OF PRINCIPAL (If other - give title) | ACKNOWLEDGMENT BY EMPLOYEE I have received this report on: |
|---|---|---|
| **S** | | |
| For the period. From 9/2/03 to 6/28/04 | 6/12/04 DATE   6/1/04 | SIGNATURE OF EMPLOYEE |

YJB 00261

## CERTIFICATE OF SERVICE BY U.S. MAIL

       I hereby certify that on May 1, 2009, I caused a true and correct copy of the foregoing Declaration of Andrea O'Connor to be served on David C. Wims, Esq., counsel for plaintiff, by causing to be deposited a copy of the same, enclosed in a first class post paid properly addressed wrapper, in an official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City, directed to the said plaintiff's counsel at David C. Wims, Esq., 1430 Pitkin Ave., 2nd Floor, Brooklyn, New York 11233, that being the address designated for that purpose.

Dated: New York, New York
      May 1, 2009

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel
                                     of the City of New York
                                   Attorney for Defendants
                                   100 Church Street, Room 2-146
                                   New York, New York 10007
                                   (212) 676-2750

By:                               
                                  Andrea O'Connor (AO4477)
                                   Assistant Corporation Counsel

07 CV 3535 (FB)(CP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YVROSE JEAN-BAPTISTE,

Plaintiff,

-against-

NYC DEPARTMENT OF EDUCATION, DINA
KOSKI, Officially and Individually, DEBRA
GERSHMAN, Officially and Individually,

Defendants.

DECLARATION

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street 2-146*
*New York, New York 10007*

*Of Counsel: Andrea O'Connor*
*Tel: (212) 676-2750*

*Due and timely service is hereby admitted*

*New York, N.Y. ................................., 200..*

*.................................... Esq.*

*Attorney for ....................................*