UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
YVROSE JEAN-BAPTISTE,

                                      Civil Action No.: 07CV3535
                                           (FB)(CLP)

                                             **MEMORANDUM**
                                             **OF LAW**

-against-

NYC DEPARTMENT OF EDUCATION,
DINA KOSKI, DEBRA GERSHMAN,

                                    Defendants.
-----------------------------------------------X

## PRELIMINARY STATEMENT

The instant action is before this Court on Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the following reasons, Defendants' motion should be denied in its entirety.

## LEGAL STANDARDS

*Procedural*

Pursuant to Rule 56 of the Fed. R. Civ. P., summary judgment is appropriate where the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are ones that "might affect the outcome of the suit under the governing law." Id. at 248.

Factual disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any

factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F. 2d 9, 11 (2d Cir. 1986).

The moving party bears the burden of proving that no genuine issue of material fact exists, or that because of the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. See Gallo v. Prudential Residential Servs., L.P., 22 F. 3d 1219, 1223-24 (2d Cir. 1994).

## ARGUMENT

### I. PLAINTIFF CAN ESTABLISH A *PRIMA FACIE* CASE OF DISCRIMINATION.

To establish a prima facie case of discrimination under Title VII, or the State and City Human Rights Laws, plaintiff must establish that: (1) she is a member of a protected class; (2) was qualified for her position; (3) was subjected to an adverse employment action; and (4) the adverse employment action took place under circumstances giving rise to an inference of discrimination based on plaintiff's membership in the protected class. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

Here, plaintiff indicates in her affidavit that she is black and Haitian, thus establishing her membership in a protected class. She submits evaluations to show that she performed her job satisfactorily. Plaintiff's affidavit is replete with examples of adverse treatment at the hands of defendants, satisfying the third prong. Finally, she can satisfy the last prong inasmuch as there was a racial imbalance in the school prior to her arrival; she was dissuaded from coming to work at the school by defendant Koski; she was treated inappropriately on a regular basis by defendants; defendants required her to work as a substitute teacher; and this occurred at a racially imbalanced school to one of its few minority staff members. As such, plaintiff can make out a *prima facie* case.

## II.    *RES JUDICATA* IS INAPPLICABLE TO THE CASE AT BAR.

In New York, "once a claim is brought to its final conclusion, any and all other claims arising out of the same transaction or group of transactions are barred, even if based upon different theories or if seeking a different remedy ". O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981); see also Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981). Under this "transactional approach" to *res judicata*, claims arising out of the same "factual grouping" are deemed to be part of the same cause of action and any later claim based thereupon will be barred. Smith, 54 N.Y.2d at 192-93, 445 N.Y.S.2d at 71, 429 N.E.2d at 749; O'Brien, 54 N.Y.2d at 357, 445 N.Y.S.2d at 688, 429 N.E.2d at 1159.

However, the operation of this broad bar is limited to situations where the initial forum had the power to award the full measure of relief sought in the later litigation. Heimbach v. Chu, 744 F.2d 11, 14 (2d Cir. 1984), cert. denied, 470 U.S. 1084, 85 L. Ed. 2d 141, 105 S. Ct. 1842 (1985); see McLearn v. Cowen & Company, 48 N.Y.2d 696, 698, 422 N.Y.S.2d 60, 61, 397 N.E.2d 750, 751-52 (1979).

In other words, only if a claim could have been litigated in a prior proceeding will it later be precluded on grounds of *res judicata*. Where "formal barriers" to asserting a claim existed in the first forum it would be "unfair to preclude [the plaintiff] from a second action in which he can present those phases of the claim which he was disabled from presenting in the first." Restatement (Second) of Judgments § 26(1)(c) comment c (1982). See also Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986).

Defense counsel attempts to assert the doctrine with respect to plaintiff's filing of a charge of discrimination with the New York Division of Human Rights. The problem with the analysis is that the doctrine has no application here. First, the Division does not allow for attorneys fees and costs like the City law does, for example. Second, the Division does not allow punitive damages like the City law does. Third and most importantly, the Division does not allow formal discovery by the parties and their representatives. Finally, and perhaps pivotally, plaintiff did not appeal the Division's No Probable Cause finding to a State court for review. As a result, the instant parties have not had a prior full and fair opportunity to litigate this dispute; and the forum in which the prior controversy arose did not have the power to award the full measure of relief sought.

### III. PLAINTIFF CAN ESTABLISH A *PRIMA FACIE* CASE OF RETALIATION.

To establish a prima facie case of discrimination under Title VII, or the State and City Human Rights Laws, plaintiff must establish that she: (1) engaged in protected activity; (2) of which defendant(s) had knowledge; (3) was then subjected to an adverse employment action; and (4) the adverse employment action was caused by plaintiff's protected activity. See Lizardo v. Denny's, Inc., 270 F.3d 94, 105 (2nd Cir. 2001).

Here, plaintiff filed this lawsuit on 08/23/07, which is protected activity under all of the relevant statutes. After being served with the papers, and by virtue of their appearance in the instant proceeding, defendants were aware of plaintiff's protected activity. Thereafter, and in response to the plaintiff's filing of this suit, defendant Koski evaluated plaintiff as Unsatisfactory, for the first time in plaintiff's career and tenure at the subject school. While the temporal proximity of this action was not immediate, it was

the first annual evaluation of plaintiff by defendant Koski after the filing of this suit. As such, plaintiff can make out a *prima facie* case of retaliation.

## Conclusion

Because the Defendant has not and cannot meet its burden of showing no genuine issues of material fact, this motion should be denied.

For these reasons, it is respectfully requested that an Order be entered denying Defendants' motion in its entirety, and for such other relief as the Court deems proper.

Dated: Brooklyn, New York

July 23, 2009

LAW OFFICE OF DAVID C. WIMS
David C. Wims, Esq.
*Attorney for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550