07 CV 3535 (FB)(CP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YVROSE JEAN-BAPTISTE,

                               Plaintiff,

-against-

NYC DEPARTMENT OF EDUCATION, DINA KOSKI,
Officially and Individually, DEBRA GERSHMAN,
Officially and Individually,

                               Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Andrea O'Connor*
   *Tel: (212) 676-2750*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT – Defendants' Motion for Summary Judgment Should be Granted........................ 2

    (A) Plaintiff Failed To Oppose The Dismissal of the Majority of Her Claims and Therefore These Claims Should be Deemed Abandoned.............................................................. 2

    (B) Plaintiff's State and City Human Rights Law Are Barred………………………………3

    (C) There Is No Triable Issue of Fact With Respect to Plaintiff's Claim of Discrimination Based on Her Race, Color and/or National Origin …………………………………......3

        (1) Plaintiff Cannot Demonstrate a *Prima Facie* Case of Discrimination………..4

            (i) Plaintiff Failed to Perform her Job Satisfactorily……………………...4

            (ii) Plaintiff Has Not Suffered an Adverse Employment Action………….5

            (iii) Plaintiff Cannot Establish That Any Alleged Adverse Employment Actions Occurred Under Circumstances Giving Rise To An Inference Discrimination.……………………………………………………...6

        (2)  Defendants Have Articulated Legitimate, Non-Discriminatory Reasons for Their Actions And Plaintiff Cannot Show That These Reasons Are False or Pretextual………………………………………….......................................7

    (D)  Plaintiff Has Failed to Establish Her Retaliation Claim……………………………...8

    (E)  Plaintiff Has Failed to Establish a Hostile Work Environment Claim……………….9

CONCLUSION……………………………………………………………………………..10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YVROSE JEAN-BAPTISTE,

                                Plaintiff,

             -against-

NYC DEPARTMENT OF EDUCATION, DINA KOSKI,     07 CV 3535 (FB)(CP)
Officially and Individually, DEBRA GERSHMAN,
Officially and Individually,

                                Defendants.

------------------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

       Plaintiff Yvrose Jean-Baptiste, a former teacher at P.S. 26 in Queens, brings this action against defendants New York City Department of Education ("DOE"), Dina Koski, the principal of P.S. 26 ("Dr. Koski"), and Debra Gershman, the assistant principal at P.S. 26 ("AP Gershman") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1981 and 1983, the New York State Human Rights Law, and the New York City Human Rights Law alleging that she was subjected to intentional harassment and discrimination based on her race (African-American), color and/or national origin (Haitian), and/or her opposition to alleged discriminatory practices.

       In her opposition papers to defendants' motion for summary judgment, plaintiff offers nothing more than unfounded assertions to support her claims of discrimination and retaliation. Indeed, plaintiff's affidavit is merely a recitation of the allegations in the complaint. As discussed below, plaintiff ignores the uncontroverted evidence before the Court and the law of this Circuit and mischaracterizes the evidence with unsubstantiated, conclusory and self-serving statements.

# ARGUMENT

## DEFENDANTS' SUMMARY JUDGMENT MOTION SHOULD BE GRANTED.

**A. Plaintiff Failed To Oppose The Dismissal of the Majority of Her Claims and Therefore These Claims Should be Deemed Abandoned.**

It is well settled in this Circuit that federal courts "may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003); see also Drees v. County of Suffolk, 2009 U.S. Dist. LEXIS 27346 at *43 (E.D.N.Y. March 2009)("because plaintiff failed to respond in any way to defendants' motion for summary judgment on the state law claims on timeliness grounds, those claims could be deemed to be abandoned and/or withdrawn, and summary judgment could be granted on that basis alone"); Cruz v. Liberatore, 582 F. Supp. 2d 508, 528 (S.D.N.Y. Oct 2008)(because plaintiff failed to address any of defendants' arguments regarding plaintiff's intentional infliction of emotional damage, assault and battery and negligent hiring, training and supervision claims in his opposition, the Court deemed these claims abandoned and granted summary judgment for defendants with respect to such claims); Vargas v. Midtown Air Condition & Ventilation, Ltd., 2008 U.S. Dist. LEXIS 96995 at *25 (S.D.N.Y. Nov. 2008)(granting summary judgment as to the plaintiffs' disparate wage claims because the plaintiffs failed to address such claims in their opposition papers despite the fact that the defendant raised the issue in its moving papers).

Here, plaintiff's opposition wholly ignores defendants' arguments with respect to: (1) the timeliness of plaintiff's claims which pre-date August 4, 2004; (2) plaintiff's hostile work environment claims; (3) plaintiff's claims pursuant to §§ 1981 and 1983; (4) defendants' assertion that defendants Koski and Gershman are entitled to qualified immunity; and (5) defendant's argument that plaintiff's Title VII claims must be dismissed against defendants Koski and Gershman as they are not an "employer" within the meaning of Title VII. Indeed, no

where in Plaintiff's Rule 56.1 Statement of Facts, dated July 23, 2009 ("Plaintiff's 56.1"), plaintiff's Affidavit, dated July 23, 2009, or plaintiff's Memorandum of Law, dated July 23, 2009 ("Plaintiff's Memo") does plaintiff even address these arguments. As such, these claims should be deemed abandoned and dismissed.

**B.    Plaintiff's State and City Human Rights Law Are Barred.**

As fully argued in defendants' moving papers, plaintiff's instant New York State and City human rights law claims, to the extent they pre-date plaintiff's SDHR complaint, are barred by the doctrines of election of remedies, *res judicata* and collateral estoppel.

Plaintiff's Memo contends that the "instant parties have not had a prior full and fair opportunity to litigate this dispute" and therefore plaintiff's State and City claims, to the extent they pre-date plaintiff's SDHR complaint, are not barred. Plaintiff's Memo at 4. This contention ignores the New York State case law which holds that the SDHR does not issue a "No Probable Cause" determination until the plaintiff has had a "full and fair opportunity" to litigate her claims. McFarland v. NYS Div. of Human Rights, 241 A.D.2d 108, 113 (1st Dep't 1998). Moreover, simply because plaintiff chose not to appeal the SDHR's No Probable Cause determination in New York State court does not change the fact that plaintiff's decision to file an administrative complaint with the SDHR constituted an irrevocable election of remedies requiring that her State and City claims be dismissed in their entirety.

**C.    There Is No Triable Issue of Fact With Respect to Plaintiff's Claim of Discrimination Based on Her Race, Color and/or National Origin.**

As noted above, all of plaintiff's Title VII claims which pre-date August 4, 2004 are time-barred and, nevertheless, should be deemed abandoned as plaintiff has failed to oppose this assertion in her opposition. Plaintiff's timely claims, i.e. those that occurred during the 2004 through 2008 school years, cannot establish a claim of discrimination.

**(1) Plaintiff Cannot Demonstrate a *Prima Facie* Case of Discrimination.**

**(i) Plaintiff Failed to Perform her Job Satisfactorily.**

In support of her contention that plaintiff was performing her duties satisfactorily, plaintiff annexes to her Affidavit three (3) performance evaluations for the 2004-2005, 2005-2006 and 2006-2007 school years, in which she was rated "Satisfactory." See Plaintiff's Affidavit.

However, Plaintiff's 56.1 admits that during the 2004-2005 school year, plaintiff: (1) received a parent complaint for telling a student that she "failed" an educational assessment; (2) failed to follow delineated homework procedures; (3) had an unsatisfactory classroom evaluation; (4) failed to appear for scheduled Parent-Teacher conferences; (5) received another parent complaint regarding her failure to assign appropriate work to students; and (6) refused assistance she was offered by Dr. Koski. See Plaintiff's 56.1 at ¶¶ 38 to 58.

With respect to the 2005-2006 school year, Plaintiff's 56.1 admits that plaintiff was absent from P.S. 26 from November 2005 through June 2006 and that plaintiff was rated as "satisfactory" for this school year "because [plaintiff] had been out ill and [Dr. Koski] felt it was unfair to give [plaintiff] an unsatisfactory for year" based on that fact. See Plaintiff's 56.1 at ¶¶ 68 to 85; Ex. D, Koski Dep. at 41:14-22.

As for the 2006-2007 school year, Plaintiff's 56.1 admits that plaintiff "should have received an unsatisfactory rating" for this year, but that Dr. Koski rated plaintiff as satisfactory since plaintiff had been "out sick" for part of the school year. Plaintiff's 56.1 at ¶ 98. Moreover, Plaintiff's 56.1 admits that when plaintiff was at P.S. 26 during the 2006-2007 school year, plaintiff: (1) was informed that the "physical environment" of her classroom needed improvement; (2) was offered the assistance of P.S. 26's literacy coach and a consultant from McMillan McGraw-Hill to improve plaintiff's performance; (3) refused to allow the literacy coach to assist her in lesson planning; and (4) failed to attend an Informal Grade conference on

4

May 24, 2007 and thereafter, at the Formal Grade Conference, plaintiff had not prepared the paperwork necessary to aid in the reorganization of P.S. 26's kindergarten classes. See Plaintiff's 56.1 at ¶¶ 86 to 98.

Finally, with respect to the 2007-2008 school year, for which plaintiff received an "Unsatisfactory" performance evaluation, it is undisputed that: (1) plaintiff failed to arrange for a substitute teacher when she was absent; (2) plaintiff had an unsatisfactory classroom evaluation; (3) plaintiff requested, and received, assistance in creating a model science lesson; and (4) plaintiff's kindergarten class scored lower on an educational assessment than the other kindergarten classes. See Plaintiff's 56.1 at ¶¶112 to 127. Incredibly, plaintiff even admits that, while assigned to a kindergarten class during the 2007-2008 school year, she was "[s]leeping while [she] was teaching . . . in the classroom" and that children in her kindergarten class were in the classroom while she "was kind of dozing." See Plaintiff's 56.1 at ¶ 120; Ex. A, Pl. Dep. at 121:8-21.

Based on these undisputed facts, it cannot be said that plaintiff was performing her job duties satisfactorily and therefore fails to make out a *prima facie* discrimination claim.

### (ii) Plaintiff Has Not Suffered an Adverse Employment Action.

Plaintiff's opposition fails to address defendants' arguments that none of the complained-of actions rise to the level of an adverse action with the meaning of Title VII. Rather, Plaintiff's Memo makes the conclusory statement that "Plaintiff's affidavit is replete with examples of adverse treatment at the hands of defendants." Plaintiff's Memo at 2. However, the complained-of actions recounted in plaintiff's Affidavit, in addition to merely restating those allegations contained in her Amended Complaint, are not adverse employment actions. Indeed, these complained-of actions are exactly what Courts in this Circuit have held not to be materially adverse. See Henriquez v. Times Herald Record, 1997 U.S. Dist. LEXIS 18760 at *16 (S.D.N.Y. Nov. 25, 1997), aff'd 165 F.3d 14 (2d Cir. 1998)(unfair criticism of

5

plaintiff's performance was not the type of employment action that courts have found to be materially adverse); See Hill v. Rayboy-Brauestein, 467 F.Supp.2d 336, 355 (S.D.N.Y. 2006) ("excessive scrutiny" is not an adverse employment action); Morrison v. Potter, 363 F. Supp. 2d 586, 591 (S.D.N.Y. 2005)("being called into supervisor's office to discuss work issues" is not an adverse employment action, even if it causes the employee embarrassment or anxiety); Lumhoo v. Home Depot United States, 229 F. Supp. 2d 121, 150 (E.D.N.Y. 2002)("Disciplinary notices, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation.")(emphasis added). Moreover, plaintiff's 2007-2008 unsatisfactory performance evaluation does not constitute an adverse action as it was not accompanied by any attendant negative circumstances, such as demotion or a loss of pay or benefits. See Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 756 (2d Cir. 2004).

Finally, as plaintiff's opposition makes no mention of her referral to DOE's Medical Division as an allegedly "adverse action," as explained above, this claim should be deemed abandoned. Nevertheless, to the extent this allegation is viable, this Court has held that a referral to the DOE's Medical Division for the purposes of a medical evaluation is not an adverse employment action unless it has an adverse effect on the individual's working conditions. See Meder v. City of New York, et al., 2007 U.S. Dist. LEXIS 75400 (E.D.N.Y. 2007) citing Bazile v. City of New York, 215 F. Supp. 2d 354, 385-86 (S.D.N.Y. 2002) aff'd, 64 Fed. Appx. 805 (2d Cir. 2003). Here, the referral had no adverse effect on plaintiff's working conditions – as the examination resulted in the grant of plaintiff's request for a leave of absence – and therefore the referral is not an adverse employment action.

> **(iii) Plaintiff Cannot Establish That Any Alleged Adverse Employment Actions Occurred Under Circumstances Giving Rise To An Inference Discrimination.**

6

Plaintiff's opposition papers set forth no evidence, admissible or otherwise, that support an inference of race, color and/or national origin discrimination. The only "evidence" of alleged discrimination relied upon by plaintiff in opposition to the instant motion is an Affidavit from plaintiff which does nothing more than re-state – almost verbatim – the allegations contained in the Amended Complaint. Compare Affidavit of Yvrose Jean-Baptiste, dated July 23, 2009 to Exhibit MMM, First Amended Complaint, dated January 24, 2008. Indeed, plaintiff's attempt to inject her own conclusory allegations and pass them off as "facts" in an affidavit must be rejected by the Court. As the Supreme Court has held in a similar context, "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Found., 497 U.S. 871, 888 (1990). Here, plaintiff has simply converted the allegations contained in her complaint into supposed "facts" contained in an affidavit. However, as the Second Circuit has noted, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996). Therefore, plaintiff's conclusory and unsupported claims of race, color and/or national origin discrimination falls woefully short of supporting a *prima facie* case defendants are entitled to summary judgment as a matter of law.

### (2) Defendants Have Articulated Legitimate, Non-Discriminatory Reasons for Their Actions And Plaintiff Cannot Show That These Reasons Are False or Pretextual.

Plaintiff's opposition simply ignores defendants' established, legitimate, non-discriminatory reasons for the complained-of actions and, significantly, Plaintiff's 56.1 largely admits defendants' reasons for their actions.

As noted above, defendants have established, and Plaintiff's 56.1 admits, that plaintiff's teaching skills were deficient and despite the repeated efforts of her supervisors, plaintiff failed to improve her performance. See Point I(C)(1)(i). As such, defendants had a

7

legitimate business reasons for her unsatisfactory classroom observations and 2007-2008 performance evaluation, the issuance of counseling memorandums and conferences regarding plaintiff's performance. With respect to plaintiff's referral to the DOE's Medical Division, prior to this referral, plaintiff had been absent from work for nearly one month and had submitted numerous doctor's notes attesting to her inability to function at work. Moreover, Plaintiff's 56.1 <u>admits</u> that the medical examination was requested "to make sure that it was best for the children for [plaintiff] to [] return to school" and that since Dr. Koski "d[id]n't know the ramifications of [plaintiff's] diagnosis, [she] wanted to have the Board of Education . . . determine whether or not she was fit to return to her job." See Plaintiff's 56.1 at ¶75; Ex. D, Koski Dep. at 63:11-24. As such, defendants have articulated, and plaintiff does not dispute, the legitimate business reasons for plaintiff's referral to the medical division.

Finally, as plaintiff cannot show a *prima facie* case of discrimination, she, therefore, cannot show that the reasons proffered by defendants for their actions are a pretext. <u>See</u> <u>Manessis v. New York City Dept. of Transp.</u>, No. 02 CV 359, 2003 U.S. Dist. LEXIS 1921, at *28 (S.D.N.Y. Feb. 10, 2003), <u>aff'd in an unreported decision</u>, No. 03-7208, 2004 U.S. App. LEXIS 1579 (2d Cir. Feb. 3, 2004)("[where] there is insufficient evidence in the record to establish a *prima facie* case, there is nothing in the record to rebut defendants' proffered nondiscriminatory reason."). Indeed, on this record, plaintiff can point to no evidence that shows that defendants' actions were motivated by discriminatory animus. See <u>Alleyne v. Four Seasons Hotel - N.Y.</u>, 2001 U.S. Dist. LEXIS 1503, at *51 (S.D.N.Y. Feb. 12, 2001), <u>aff'd</u>, 2002 U.S. App. LEXIS 1476 (2d. Cir. 2002). Therefore, defendants' motion for summary judgment must be granted and this complaint should be dismissed in its entirety.

**D.    Plaintiff Has Failed to Establish Her Retaliation Claim.**

Plaintiff's Memo argues that since plaintiff received an Unsatisfactory performance evaluation nearly one (1) year after the instant complaint was filed, she has

8

established a *prima facie* claim of retaliation. See Plaintiff's Memo at 4-5. Once again, plaintiff's opposition ignores the fact that, because plaintiff has not suffered any adverse employment action, her retaliation claim, as a matter of law, must fail. Moreover, defendants have offered legitimate non-discriminatory reasons for any of the allegedly materially adverse actions and plaintiff cannot demonstrate pretext for any retaliatory animus given the record in this case.

Nevertheless, plaintiff's retaliation claim must fail for several reasons. First, as acknowledged in Plaintiff's Memo, plaintiff's sole claim of retaliation is premised upon her receipt of an unsatisfactory performance evaluation on or about June 26, 2008. Plaintiff's Memo at 4. However, plaintiff filed the instant complaint on August 23, 2007 – or nearly a year prior to the supposed "adverse action." Where – as here – there is a 10 month gap between the alleged protected activity and the adverse employment action, a causal connection cannot be established. See Clark County School District v. Breeden, 532 U.S. 268, 273 (2001)(for temporal proximity alone to establish causation the intervening period must be "very close"); see also James v. Newsweek, 1999 U.S. Dist. LEXIS 15588 at * 15 (S.D.N.Y. Sept. 30, 1999), aff'd, 213 F.3d 626 (2d Cir. 2000)(four month gap was insufficient to establish causation); Hollander v. American Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990)(three to four months is not temporal proximity sufficient to support claim); Kodengada v. IBM, 88 F. Supp. 2d 236, 245 (S.D.N.Y. 2000) aff'd without pub'd opinion, 242 F.3d 366 (2d Cir. 2000)(five-month time period too long to support retaliation claim); Zenni v. Hard Rock Cafe Int'l, 903 F. Supp. 644, 656 (S.D.N.Y. 1995)(one year is not temporal proximity). Plaintiff's retaliation claim must, accordingly, be dismissed.

### E.     Plaintiff Has Failed to Establish a Hostile Work Environment Claim.

As noted above, plaintiff's opposition fails to address the arguments made by defendants concerning her hostile work environment claims. On this basis alone, plaintiff's hostile work environment claim should be dismissed.

Nevertheless, to the extent plaintiff's Affidavit can be construed as relating to her hostile work environment claim, this Affidavit offers nothing in the way of admissible or relevant evidence to support such claim. Indeed, plaintiff's unsupported allegations that Dr. Koski "harassed" her by observing her classroom performance and reviewing and meeting with plaintiff to discuss her lesson plans, even if true, fall far short of establishing that plaintiff's work environment was "permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000)(citations omitted). Accordingly, plaintiff's alleged hostile work environment claim must be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in defendants' motion for summary judgment, defendants respectfully request that the Court issue an order granting defendants' motion for summary judgment and dismissing plaintiff's complaint in its entirety, with prejudice, and awarding defendants such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            August 17, 2009

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street, Rm. 2-146
        New York, New York 10007
        (212) 676-2750
        aoconnor@law.nyc.gov

By: _____/s/_____
     Andrea O'Connor
     Assistant Corporation Counsel

Diana Goell Voigt,
Andrea O'Connor
Of Counsel

## CERTIFICATE OF SERVICE BY U.S. MAIL

       I hereby certify that on August 17, 2009, I caused a true and correct copy of the foregoing DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT to be served on David C. Wims, Esq., counsel for plaintiff, by causing to be deposited a copy of the same, enclosed in a first class post paid properly addressed wrapper, in an official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City, directed to the said plaintiff's counsel at David C. Wims, Esq., 1430 Pitkin Ave., 2nd Floor, Brooklyn, New York 11233, that being the address designated for that purpose.

Dated: New York, New York
       August 17, 2009

                    MICHAEL A. CARDOZO
                    Corporation Counsel
                      of the City of New York
                    Attorney for Defendants
                    100 Church Street, Room 2-146
                    New York, New York 10007
                    (212) 676-2750

                    By:        /s/       
                        Andrea O'Connor (AO4477)
                        Assistant Corporation Counsel