UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
YVROSE JEAN-BAPTISTE,

                Plaintiff,

  -against-

NYC DEPARTMENT OF EDUCATION, DINA
KOSKI, Officially and Individually, DEBRA
GERSHMAN, Officially and Individually.

                Defendants.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 07-CV-3535 (FB) (CLP)

*Appearance:*
*For the Plaintiff:*
DAVID C. WIMS, ESQ.
Law Office of David Wims
1430 Pitkin Avenue
2nd Floor
Brooklyn, NY 11233

*For the Defendants:*
DANIEL S. GOMEZ-SANCHEZ, ESQ.
ANDREA MARY O'CONNOR, ESQ.
New York City Law Department
100 Church Street
New York, NY 10007

**BLOCK, Senior District Judge:**

        Plaintiff Yvrose Jean-Baptiste ("Jean-Baptiste") brings this race and national origin discrimination action against the New York City Department of Education, Dina Koski, the principal of P.S. 26, and Debra Gershman, the vice principal of P.S. 26 (collectively, "Defendants"), alleging disparate treatment, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 1981 and 1983, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). As discussed in open court on December 16, 2009, Jean-Baptiste requests the voluntary dismissal of the Complaint without prejudice to her renewal of her state law claims in state court; the Defendants do not give their consent.

1

After considering the factors relevant to this motion, enunciated by the Second Circuit in *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990), the Court dismisses the Complaint without prejudice. *See* Fed. R. Civ. P. 41(a)(2). Notably, "the presumption in this circuit is that a court should grant a dismissal pursuant to 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000). The Defendants will suffer no such prejudice. To the contrary, they no longer must defend against Jean-Baptiste's federal claims. As discussed at oral argument, if the Court were to grant Defendants' motion for summary judgment, the same outcome would be obtained: the Court would decline to exercise supplemental jurisdiction over her state law claims and remand the state law claims, as it now does. *See* 28 U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction" if, among other circumstances, "the district court has dismissed all claims over which it has original jurisdiction."); *see also D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice.").

As such, the Court grants Jean-Baptiste's motion for a dismissal without prejudice to the renewal of her NYSHRL and NYCHRL claims in state court.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
December 18, 2009